MACHUCA E HIJOS & CO., RECURRENTES, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de venta de finca rústica.

No. 219.—Resuelto en julio 10, 1915.

ALEGATO DEL REGISTRADOR—NOTA AL PIE DEL DOCUMENTO PRESENTADO—MOTIVOS LEGALES DE LA NOTA.—No es en el alegato donde un registrador debe consignar los motivos legales de la resolución, sino que por precepto imperativo de la ley sobre recursos contra las resoluciones de los registradores de la propiedad, de marzo 1, 1902, es deber suyo exponer al pie del documento clara y concisamente los motivos legales de su negativa, sobre los cuales podrá luego ante esta Corte Suprema exponer los razonamientos que estime convenientes en justificación de su proceder.

VENTA JUDICIAL—ESCRITURA OTORGADA POR EL MÁRSHAL—DEBIDO PROCEDIMIENTO DE LEY—INSCRIPCIÓN EN EL REGISTRO.—Cuando en la escritura otorgada por el márshal sobre venta judicial no se dice cuál fué el procedimiento seguido para el cobro del crédito hipotecario, si el sumario especial que autoriza la Ley Hipotecaria o el ordinario establecido por el Código de Enjuiciamiento Civil, ni si el procedimiento fué seguido en rebeldía del demandado, ni cómo fué emplazado éste, ni cual fué la sentencia dictada, ni si la orden de subasta fué librada al márshal para la ejecución de la sentencia, tal escritura no revela que se haya seguido el debido procedimiento de ley, lo que necesita saber el registrador para poder calificar el documento.

ID.—REFERENCIA AL PROCEDIMIENTO—TRANSCRIPCIÓN DEL PROCEDIMIENTO.—No es bastante que en una escritura de venta judicial el notario haga referencia al procedimiento habido ante la corte, sino que deben presentarse las copias de aquellos procedimientos que sean necesarios al registrador para que pueda tener la oportunidad de saber si se ha cumplido con la ley, o deben transcribirse en la escritura tomándolos de sus originales o de copias debidamente expedidas y certificadas, pues sólo así podrá quedar protegido el derecho de un comprador subsiguiente.

Otorgamiento de Escritura—Conocimiento de los Otorgantes—Fe que Debe Dar el Notario Autorizante—Conocimiento Personal.—Cuando en la escritura consigna el notario que conoce a los comparecientes y le constan sus circunstancias personales, terminando el documento con la fórmula corriente ''de todo lo cual doy fe,'' ello es suficiente para demostrar que el notario autorizante dió fe del conocimiento de los otorgantes. Véase *del Valle* v. *El Registrador,* 16 D. P. R., 794.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Celestino Domínguez Rubio.*

El registrador recurrido, Sr. Felipe Cuchí, compareció en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Guayama la escritura de venta de dos fincas rústicas otorgada en 21 de enero de 1914 (*sic*) ante el Notario Celestino Domínguez por Tomás Escalera, Márshal de la Corte de Distrito de Guayama, a favor de la mercantil A. Machuca e Hijos y Compañía, representada por su socio Salvador García y Díaz, el registrador denegó la inscripción por medio de nota que copiada a la letra dice así:

''Denegada la inscripción del precedente documento por no aparecer del mismo que se hayan guardado las solemnidades establecidas en el Código de Enjuiciamiento Civil para ordenar la venta en pública subasta de los bienes del demandado Victoriano Marcial y no dar fe el notario autorizante del conocimiento de los otorgantes, haciéndose constar también el defecto subsanable de venir equivocada la fecha del título, y de que según el registro y respecto de la finca de 14½ cuerdas, el D. Victoriano Marcial aparece con el segundo apellido de incógnito. Y tomada anotación preventiva de la denegación por término de 120 días de conformidad con la Ley de 1º. de marzo de 1902, al folio 187 del tomo 22 de Cayey, finca No. 1332, anotación letra A y al folio dos vuelto del tomo 31 de Cayey, finca No. 1767 anotación letra A. Guayama, febrero once de mil novecientos quince. El Registrador, Felipe Cuchí Arnau.''

Esa nota ha sido recurrida para ante esta Corte Suprema por la sociedad compradora A. Machuca e Hijos y Compañía.

Quéjase con razón la parte recurrente de que el registrador no ha puntualizado los defectos de que adolece la escritura cuya inscripción 'ha sido denegada, si bien posteriormente vino a tener conocimiento por el mismo registrador de que esos defectos consistían en no aparecer de la escritura que el demandado hubiera sido debidamente emplazado y en no insertarse en la escritura la sentencia dictada en el caso que motiva el recurso.

El registrador en su alegato sostiene la existencia de tales defectos. No es en el alegato donde el registrador debe consignar los motivos legales de su resolución, sino que por precepto imperativo de la ley sobre recursos contra las resoluciones de los registradores de la propiedad aprobada en marzo 1°, 1902, es deber suyo exponer al pie del documento clara y concisamente los motivos legales de su negativa, sobre los cuales podrá luego ante esta Corte Suprema, exponer los razonamientos que estime convenientes en justificación de su proceder.

Examinada la escritura que motiva la nota recurrida, ella muestra *prima facie* que en pleito seguido ante la Corte de Distrito de Guayama por A. Machuca e Hijos y Compañía contra Victoriano Marcial Rodríguez y su esposa Marcolina González en cobro de un crédito hipotecario por la suma de $1,269.23 de capital, intereses al 1 por ciento mensual y $200 para costas, desembolsos y honorarios de letrado, se expidió al márshal una orden por el secretario de dicha corte para que vendiera en pública subasta los bienes hipotecados que en la misma se describen y con su producto pagase a la sociedad demandante las sumas reclamadas; que en cumplimiento de tal orden se fijaron edictos anunciando la venta en pública subasta; que se señaló para el acto del remate el día 8 de enero del corriente año a las tres de la tarde; y que las fincas subastadas fueron adjudicadas a la parte demandante, una de ellas por la suma de $515 y la otra por $180, cantidades que le serían abonadas a cuenta del crédito reclamado.

La escritura no dice cuál fué el procedimiento seguido para el cobro del crédito hipotecario, si el sumario especial que autoriza la Ley Hipotecaria o el ordinario establecido por el Código de Enjuiciamiento Civil, ni si el procedimiento fué seguido en rebeldía del demandado, ni cómo fué emplazado éste, ni cuál fué la sentencia que fué dictada, y lo que es más importante aún, si la orden de subasta fué librada al márshal para la ejecución de dicha sentencia.

Al resolver en 14 de abril del corriente año el caso de Francisco Ortiz Gerena contra el Registrador de la Propiedad de Guayama, dijimos:

"Como la validez del título del comprador depende de que se haya seguido el debido procedimiento de ley, opinamos que en la escritura cuya inscripción ha sido denegada debió probarse al menos que la corte adquirió jurisdicción sobre la persona de los demandados, e insertarse en todo caso la resolución final dictada que dió motivo a la venta hecha por el márshal."

La escritura no revela que se haya seguido el debido procedimiento de ley. El registrador para calificar el documento necesita saber si se ha seguido el debido procedimiento de ley; y para ello, como ya dijimos al resolver en 24 de diciembre de 1914 el caso de *Orcasitas* v. *El Registrador de la Propiedad de Caguas,* 21 D. P. R., 553, no es bastante con que el notario haga referencia al procedimiento habido ante una corte de distrito, sino que deben presentarse las copias de aquellos procedimientos que sean necesarios al registrador para que pueda tener la oportunidad de saber si se ha cumplido con la ley, o deben transcribirse en la escritura tomándolos de sus originales o de copias debidamente expedidas y certificadas, pues sólo así podrá quedar protegido el derecho de un comprador subsiguiente.

En cuanto al defecto de no dar fe el notario autorizante del conocimiento de los otorgantes, en la escritura de que se trata, consigna el notario que conoce a los comparecientes y le constan sus circunstancias personales, terminando el documento con la fórmula corriente *de todo lo cual doy fe.*

No existe el anterior defecto, habiendo sido resuelto ya ese punto al decidir el recurso de *Del Valle* v. *El Régistrador de la Propiedad,* 16 D. P. R., 794.

Los otros dos defectos consignados como subsanables en la nota han sido reconocidos por el recurrente y por tanto es innecesario discutirlos.

Por las razones expuestas es de confirmarse la nota del Registrador de la Propiedad de Guayama de 11 de febrero de 1915, menos en la parte relativa al defecto de no dar fe el notario autorizante de la escritura, del conocimiento de las otorgantes.

> *Confirmada la nota recurrida menos en la parte relativa al defecto de no dar fe el notario del conocimiento de los otorgantes.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.