Graciani, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una escritura de hipoteca.

No. 306.—Resuelto en marzo 21, 1917.

Inscripción de Títulos—Expediente Posesorio—Hipoteca—Capacidad del Otcrgante—Examen de Otros Asientos o Documentos del Registro.—Inscrita una finca por virtud de un expediente posesorio del cual aparece el hecho de que el recurrente era viudo al adquirirla, no puede luego el registrador, al presentársele para su inscripción una escritura de hipoteca sobre la misma finca, examinar otros asientos o documentos de su archivo con respecto a distinta propiedad de los que resulten que el recurrente era casado en la

fecha de adquisición, pues la legalidad ha de determinarla el registrador por lo que resulte de los documentos presentados, teniendo en cuenta los asientos del registro referentes a la misma propiedad.

DENEGATORIA DE INSCRIPCIÓN—ALEGATO DEL REGISTRADOR—MOTIVOS LEGALES DE LA RESOLUCIÓN.—Denegada la inscripción de una escritura de hipoteca por no poderse determinar el carácter legal de la finca hipotecada y por tanto la capacidad del otorgante para gravarla como bien propio, no puede el registrador en un recurso gubernativo señalar otro motivo distinto en su alegato, esto es, en el presente recurso, que de otros asientos del registro aparece que el recurrente estaba casado cuando adquirió parte de la finca que hipoteca siendo viudo, pues no es en el alegato donde él debe consignar los motivos legales de su resolución sino que, por precepto imperativo de la ley, debe exponerlos al pie del documento presentado. Cuando en el alegato se consigna un motivo distinto del señalado en la nota recurrida, éste no debe tenerse en cuenta al considerar el recurso.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Enrique Blanes.*

El Registrador recurrido Sr. Emigdio S. Ginorio, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

José María Graciani y Pérez, deseando negociar ciertos pagarés al portador, constituyó hipoteca para asegurar los mismos en el Registro de la Propiedad de San Germán. El registrador rehusó inscribir la hipoteca por medio de la siguiente nota:

"Denegada la inscripción del precedente documento por no poderse determinar el carácter legal de la finca hipotecada y por tanto la capacidad de José María Graciani y Pérez, quien la adquirió por compra en los años 1903 y 1905, para gravarla como bien propio, de acuerdo con la resolución de la Corte Suprema de Puerto Rico, en el caso de *'Pujals versus Registrador de la Propiedad,'* página 43 tomo 20 de las Decisiones; y tomada en su lugar anotación por 120 días, al folio 30 del tomo 50 del Ayuntamiento de esta Ciudad, finca número 2618, anotación letra A. San Germán, diciembre 27 de 1916. Emigdio S. Ginorio, Registrador."

El recurrente presentó una certificación del registrador por la cual demostró que su título, según estaba inscrito, arranca de una sentencia de posesión dictada por la Corte

de Distrito de Mayagüez, y que de tal título posesorio o certificación aparece el hecho de que el recurrente era viudo al adquirir la propiedad en cuestión. El recurrente presentó un alegato para demostrar que cuando la capacidad consta de una previa inscripción de la misma propiedad, el propietario no tiene que justificar en un título subsiguiente su capacidad para enajenar la propiedad de tal modo justificada ser bien privativo y no ganancial. El recurrente también demuestra cuán diferente fueron los hechos en *Pujals* v. *El Registrador,* citado por el recurrido.

En su alegato, el registrador acepta que según el título posesorio inscrito el recurrente era viudo al adquirir la finca hipotecada; pero presenta una certificación adicional para demostrar la existencia de otra escritura referente a otra propiedad distinta, de cuya escritura aparece que el recurrente era casado en la fecha de adquisición de parte de la finca que ahora interesa hipotecar. Por esta escritura otorgada en 15 de noviembre de 1916, el mencionado José María Graciani y Pérez, viudo, y sus hijos José María y María Concepción Graciani y Perdomo, ratificaron en todas sus partes la venta de una finca de 14 cuerdas hecha a Francisco Irizarry en el mes de diciembre de 1903, adquirida por el recurrente, siendo casado, en 5 de marzo de 1891, manifestando los comparecientes que dicha escritura no había sido otorgada por hallarse entonces enferma la esposa del recurrente, nombrada María Engracia Perdomo y Ramos, la cual falleció en 13 de enero de 1904, sin haberse llenado aquella formalidad.

El registrador no está en el deber de escudriñar sus archivos para buscar constancias de un estado de cosas distinto del que aparece en los asientos de una determinada parcela de terreno. El artículo 17 de la Ley Hipotecaria dispone que inscrito o anotado preventivamente en el registro cualquier título traslativo del dominio o de la posesión de los inmuebles o de los derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha, por el cual se transmita o grave la propiedad del mismo

inmueble o derecho real; y en el caso de *Compañía Azuca-rera de la Carolina* v. *El Registrador,* 19 D. P. R. 152, dijimos que la legalidad ha de determinarse por lo que resulte de los documentos, teniendo en cuenta, según el artículo 17, los otros asientos del registro referentes a la misma finca. El regis-trador dice en su alegato que Galindo y Escosura aconsejan la conveniencia de una resolución sobre si los registradores, aún cuando no estén en la obligación de hacerlo, tienen o no el derecho de examinar otros documentos que les son cono-cidos. Además del caso citado, ya hemos resuelto este punto en los casos de *Sucesión Ramírez* v. *El Registrador,* 16 D. P. R. 318, y *La Plata Tobacco Co.* v. *El Registrador,* 20 D. P. R. 30 En el primero de dichos casos dijimos que cuando se presen-ta en el registro un documento para su inscripción, el regis-trador no está obligado a examinar todo su archivo, para averiguar si los otorgantes están o no autorizados para el otor-gamiento del mismo. Toda la autorización necesaria debe aparecer en el propio documento que se trate de inscribir, o en otros unidos al mismo. En el segundo de estos casos di-jimos que el registrador sólo está obligado a examinar los do-cumentos que se le presenten para su inscripción y los que se acompañen, así como lo que resulte de los libros del registro en relación con la finca a que se refiere la inscripción que se solicita, pero no está obligado a consultar otros documentos archivados en dicho registro. Véase también los casos de *Rivera* v. *Registrador,* 17 D. P. R. 323, y *Colón* v. *El Regis-trador,* 22 D. P. R. 548. En todo caso creemos que el derecho de un registrador a tal examen podría surgir sólo de un de-ber impuéstole. La inconveniencia para el público de esto que el registrador sostiene sería enorme. Ello tendería a lle-var incertidumbre al funcionamiento mismo de los registros. Supongamos, por ejemplo, que una persona intentara adqui-rir uno de los pagarés en este caso. Ella examinaría todos los documentos en el registro con respecto a la propiedad en particular. ¿Tiene entonces el deber de examinar los demás documentos del registro o preguntar sobre ello al registra-

dor? El incidente de una manifestación contraria en otro asiento·no puede afectar a un tercero.

Además, el registrador recurrido denegó la inscripción de la escritura por no haberse determinado el carácter legal de la finca hipotecada y por tanto la capacidad del recurrente para gravar ésta como bien propio, pero en su alegato sostiene otro motivo únicamente, esto es, que de otros asientos del registro aparece que el recurrente estaba casado cuando adquirió parte del terreno que hipoteca siendo viudo. No es en el alegato donde un registrador debe consignar los motivos legales de su resolución, sino que por precepto imperativo de la ley sobre recursos contra las resoluciones de los registradores de la propiedad, de marzo 1, 1902, es deber suyo exponerlo al pie del documento presentado. *Machuca e Hijos & Co.* v. *El Registrador,* 22 D. P. R. 755. Por tanto dicho único motivo consignado en su alegato no debe tenerse en consideración en este recurso.

La nota recurrida debe ser revocada y ordenada la inscripción de la escritura de hipoteca.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.