MARGARITA MORALES CINTRÓN, recurrente, *v.* EL REGISTRADOR
DE SAN GERMÁN, recurrido.

No. 650.—*Sometido:* Noviembre 2, 1926. *Resuelto:* Diciembre 22, 1926.

1. INFORMACIÓN DE DOMINIO—INSCRIPCIÓN—EN GENERAL.—Que del Registro aparezca que el promovente adquirió las fincas por *herencia testada* y la declaración de dominio consigne que fué *por herencia* no puede surgir duda de si él es el único heredero o no y menos cuando se alega en la corte inferior que las fincas se adquirieron como único heredero y la corte lo declara único dueño por herencia.

2. INFORMACIÓN DE DOMINIO—INSCRIPCIÓN—DENEGATORIA DE INSCRIPCIÓN—FUNDAMENTOS INSUFICIENTES—ANTERIORES DUEÑOS O CAUSAHABIENTES—OMISIÓN DE EXPRESARSE LA FORMA EN QUE FUERON CITADOS.—Constando en una declaratoria de dominio el procedimiento seguido y apareciendo de ella que fueron citados los anteriores dueños y que se publicaron los edictos correspondientes, el recurrente no tiene que acreditar ante el registrador la forma en que tales edictos y citaciones se hicieron.

NOTA de *Luis Capó Matres,* R. (San Germán), denegando inscripción de una resolución aprobatoria de dominio. *Revocada.*

*José Sabater,* abogado del recurrente; *El Registrador* recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Margarita Morales Cintrón ha interpuesto este recurso gubernativo para que ordenemos al Registrador de la Propiedad de San Germán que inscriba la declaración de dominio que a su favor hizo la Corte de Distrito de Mayagüez de dos fincas rústicas las que el registrador no ha inscrito por lo siguiente:

DENEGADA la inscripción del precedente documento, que es una certificación expedida el día once de agosto corriente por Enrique Báez, refrendada por Narciso Cuevas, Secretario y Subsecretario, respectivamente de la Corte de Distrito del Distrito Judicial de Mayagüez, creditiva del auto-aprobatorio dictado por el Hon. Charles E.

Foote, Juez de dicha Corte en la propia fecha y en el Caso Civil No. 11755 y tomada en lugar de dicha inscripción anotación preventiva por el término legal de ciento veinte días a favor de la promovente MARGARITA MORALES Y CINTRÓN a los folios 168 y 225 vueltos del tomo 62 del ayuntamiento de Cabo-Rojo, fincas No. 2493 y 2498 anotaciones letras "B" por observarse que de los antecedentes que existen en este Registro, que son las anotaciones que por 120 días se tomaron a los folios 167 y 224 del citado tomo y número de fincas anotaciones letras "A" aún vigentes, se trató de inscribir dos hipotecas constituídas por la promovente en este expediente de dominio, Margarita Morales y Cintrón; la primera a favor de JULIO P. CASTRO Y RAMÓN LÓPEZ LLAQUE, sobre las fincas a que se contrae dicho expediente, según escrituras números 95 y 99 otorgadas en la ciudad de Mayagüez ante el Notario José Sabater y García a veinte y veinticinco de abril último respectivamente, y cuyas hipotecas fueron denegadas por no aparecer las fincas hipotecadas inscritas a nombre de la deudora promovente, ni de ninguna otra persona, y se hace constar en dichas anotaciones de las hipotecas denegadas, que la promovente adquirió las fincas por herencia testada de su padre Florencio Morales y Núñez que falleció en el pueblo de Cabo-Rojo en el mes de septiembre de 1887, siendo ella, la promovente la única heredera, y no obstante tal promovente, en el aludido expediente sólo alega que las mencionadas fincas las hubo por herencia; tales manifestaciones y resultancias del Registro hacen necesariamente, que surja una duda razonable que impide la inscripción del expediente relatado, porque no se puede venir en conocimiento si real y efectivamente y por virtud de dicha disposición testamentaria, que se dice hecha por Florencio Morales y Núñez, su hija, la promovente, es la única heredera de aquél y en tal virtud, si dichas fincas pertenecen a ella solamente, o por el contrario existen otros herederos con algún derecho o participación en los aludidos inmuebles; y observándose asimismo que de la copia de la referida certificación donde se inserta el auto aprobatorio antes ya dicho, no se hace constar, cuándo, en qué periódico, de qué pueblo o·ciudad en esta isla, por qué término y veces fueron publicados los edictos, lo cual es necesario hacerse constar, no constando tampoco en la forma que se ordenó la citación de los anteriores dueños y causahabientes de la referida finca, si fueron citados personalmente o por ·medio de edictos, cuyas circunstancias y datos deben expresarse, para poder calificar el documento presentado, en el sentido de ver si se ha seguido en la instrucción de tal expediente el debido procedimiento de ley, en cuanto a lo que determina en este último caso, el artículo

trescientos noventicinco de la Ley Hipotecaria en sus incisos UNO y DOS. Por las razones alegadas y aplicando por analogía lo resuelto por el Tribunal Supremo de esta Isla en diferentes resoluciones y sobre todo en el caso de *Martínez e Hijo* vs. *el Registrador,* reportado en el tomo veintidós, página setecientos cincuenta y cinco y el caso de *Vázquez* vs. *el Registrador* 7 D.P.R., página quinientos cuarentiocho—San Germán Agosto 28 del año de mil novecientos veinte y seis.—Enmendada "denegadas" entre líneas y manuscrito "del Registro": Valen.—Firmado, Luis Capó Matres,—Registrador."

[1] Uno de los motivos que según esa extensa nota tuvo el registrador para negar la inscripción del dominio fué que el registrador tiene duda de que la promovente sea la única heredera de su padre porque según dos anotaciones que existen en el registro ella adquirió las fincas por herencia testada de su padre mientras que en la declaración de dominio se expresa que la adquirió por herencia.

La duda que el registrador de San Germán dice tener es irrazonable e ilógica porque del hecho de aparecer de las anotaciones del registro que la recurrente adquirió las fincas por herencia testada y de que en la declaración de dominio se consigne que las adquirió por herencia, sin expresarse si fué testada o nó, podría surgir duda sobre si su dominio procede de herencia testada o intestada pero nunca de si es la única heredera o nó, ya que puede otorgarse testamento o hacerse una declaratoria de herederos aunque haya un solo heredero, aparte de que habiendo alegado la peticionaria en la corte que había adquirido las fincas como única heredera de su padre y habiendo declarado la corte que ella es la única dueña por herencia, tal declaración presupone que probó ser la única heredera.

[2] En cuanto al otro motivo de la negativa de inscripción diremos que siendo uno de los fundamentos de la corte de distrito para aprobar la información de dominio a favor de la peticionaria que se admitió la información por ella ofrecida, que fueron citados los anteriores dueños, que se publicaron los edictos correspondientes, que se practicó la

prueba en corte abierta, que se dió traslado del expediente
al Ministerio Fiscal, que se emitió informe favorable y que
persona alguna hizo oposición, no tenía la recurrente nece-
sidad de acreditar ante el registrador la forma en que ta-
les edictos y citaciones se hicieron porque el registrador no
está autorizado para calificar los fundamentos de las reso-
luciones de los tribunales, según hemos declarado repetidas
veces, ni eran necesarios tales datos para practicar la ins-
cripción porque no los requiere el artículo 9 de la Ley Hi-
potecaria referente a lo que ha de hacerse constar en las
inscripciones ni su concordante el 63 de su reglamento, apli-
cable a las inscripciones de dominio y de posesión según
el artículo 440 del mismo reglamento, aunque haciéndose
constar además las circunstancias particulares que conven-
gan al caso, según resulten de los documentos presentados
al registro para obtener la inscripción. El artículo 395 de
la Ley Hipotecaria citado por el registrador en su funda-
mento para que la recurrente tenga que acreditar ante él
las circunstancias que le exige no es aplicable, pues dicho
precepto sólo tiene por objeto determinar la manera cómo
han de tramitarse en la corte los expedientes de dominio;
ni tampoco las sentencias por él citadas, pues el recurso de
*Machuca e Hijos* v. *El Registrador,* 22 D.P.R. 755, no se re-
fiere a inscripciones de dominio sino a los requisitos que
debe contener una escritura de venta judicial para que pueda
ser inscrita; y en el de *Vázquez* v. *El Registrador,* 7 D.
P.R. 548, se negó propiamente la inscripción de una decla-
ración de dominio porque la resolución de la corte se limitó
a declarar justificado el dominio sin hacer constar el pro-
cedimiento seguido y sin contener los requisitos que ha-
bían de hacerse constar en la inscripción, lo que no ocurre
en el caso presente en el que la declaración de dominio he-
cha a favor de Margarita Morales Cintrón contiene todos.
los requisitos que se necesitan para inscribirla.

*La nota recurrida debe ser revocada y ordenarse la ins-*
*cripción.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.