United Firemen's Insurance Co., recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

No. 887.—*Sometido:* Marzo 6, 1933. *Resuelto:* Julio 26, 1933.

---

* Nota: Véase el prefacio.

*J. Henri Brown, C. Ruiz Nazario, G. E. González,* y *G. Benítez Gautier,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Alega la recurrente como base para solicitar la reconsideración de la resolución por nosotros dictada (44 D.P.R. 837) que esta corte ha debido limitarse a considerar la cuestión únicamente planteada en el recurso y a revocar la nota recurrida. Se cita el caso de *Graciani* v. *Registrador,* 25 D.P.R. 45, donde se dice que no es en el alegato, sino al pie del documento presentado, donde un registrador debe consignar los motivos legales de su resolución, para que puedan ser tomados en consideración.

No creemos habernos apartado de la cuestión planteada por la recurrente en su solicitud original y reproducida en su moción de reconsideración. Si se examina cuidadosamente

la opinión emitida por nosotros, se verá que sostenemos que de la faz de los documentos presentados al Registrador no surge la certeza del hecho de que haya habido realmente la trasmisión parcial de crédito hipotecario alegada por la recurrente. Nuestros puntos de vista aparecen expresados claramente en el siguiente párrafo que copiamos de nuestra opinión:

"No puede decirse que en el presente caso se haya trasmitido un derecho inscribible en el registro de la propiedad. Se afirma que la compañía aseguradora no tiene responsabilidad para con el deudor hipotecario; pero la afirmación del hecho no es el hecho en sí del cual depende el derecho a la subrogación. La simple afirmación de la compañía no basta para determinar la existencia del hecho. Es necesario probarlo y el *onus probandi* corresponde a la compañía. Si se inscribiera la subrogación, la compañía subrogada podría iniciar un procedimiento ejecutivo contra el deudor y entonces éste tendría que acudir a un juicio declarativo contra la compañía para defender sus derechos, a pesar de que ésta es la llamada a probar que no tiene responsabilidades para con el deudor. Puede ocurrir que la alegación de la compañía de que está exenta de responsabilidades para con el dueño quede destruida por la prueba en el juicio plenario y entonces se habría dado el caso de haberse inscrito una trasmisión de derecho que no tuvo existencia legal y haberse permitido al subrogado hacer efectivo mediante un procedimiento sumario un derecho que nunca surgió a la vida."

Veamos ahora la cuestión tal y como ha sido planteada por la recurrente. En la moción de reconsideración se alega que para negar la inscripción solicitada el Registrador adujo como único motivo que "los documentos objeto de tal nota no eran de aquellos que el artículo 2 de la Ley Hipotecaria y su concordante del reglamento clasifican como inscribibles, por no expresarse en dichos documentos que la Srta. Santiago Oppenheimer cediera parcialmente a la recurrente sus derechos en el crédito hipotecario de que es deudor el Sr. René de Courceuill y sí sólo que dicha acreedora subrogara a la recurrente en tales derechos, por entender el Registrador recurrido que una subrogación no constituía una cesión ni llevaba implícita tal cesión."

En su solicitud original la recurrente dice, entre otras cosas, que la nota denegatoria no está justificada porque la subrogación de derechos contenida en dichos documentos constituye una cesión parcial de crédito hipotecario, en cuanto a la suma de $2,966.18. Luego añade que el registrador no expresa en su nota las razones que ha tenido para determinar que los documentos presentados no son inscribibles, y suponiendo que el fundamento que haya tenido dicho registrador haya sido que en dichos documentos no se expresa específicamente que se haya cedido por la Srta. Santiago Oppenheimer parcialmente el crédito hipotecario a favor de la recurrente, sostiene que tal fundamento carecería de fuerza legal ya que el acto de subrogar un acreedor hipotecario a un tercero en sus derechos o en parte de sus derechos lleva legalmente consigo la cesión parcial de dicho crédito hipotecario, no pudiendo existir subrogación sin que implícitamente esté comprendida en tal subrogación la cesión de los derechos objeto de la misma.

Abundando en los razonamientos de la parte recurrente, entendemos que el registrador basa su conclusión en que la subrogación contenida en los documentos presentados para su inscripción no constituye una cesión parcial de crédito hipotecario, y en que los mencionados documentos no están específicamente incluídos entre los determinados en los incisos segundo y tercero del artículo 2 de la Ley Hipotecaria ni en los concordantes de su reglamento.

■ Naturalmente que no estamos conformes con los razonamientos que utiliza el registrador para sostener que no ha habido cesión parcial de crédito hipotecario; pero aun cuando el razonamiento sea erróneo, su conclusión es correcta, en tanto en cuanto no está obligado a inscribir mientras no se demuestre que la compañía aseguradora no tiene responsabilidad para con el deudor hipotecario.

■■ Ya dijimos en nuestra opinión que tanto en la subrogación como en la cesión se efectúa una trasmisión de derechos, y que la trasmisión de un crédito hipotecario inscrito

en el registro es bastante para que la parte subrogada pueda acogerse a las disposiciones del artículo 152 de la Ley Hipotecaria. Sostenemos, sin embargo, que el registrador no sabe ni puede saber por la lectura de los documentos mencionados que se esté trasmitiendo un derecho, en virtud de la alegación de la recurrente de que no tiene responsabilidades para con el deudor hipotecario. Para que la subrogación surja a la vida es necesario que el deudor hipotecario haya incurrido en algún acto que exonere a la compañía de responsabilidades para con él. Si este hecho no se ha realizado no existe la subrogación. ¿Cómo puede saberlo el Registrador? ¿Por la mera alegación de la parte interesada? Esto, como muy bien dice la Corte Suprema de Missouri en el caso de *Lowenstein* v. *Queen Insurance Co.,* 227 Mo. 100, 127 S. W. 72, citado en nuestra opinión, equivaldría a convertir a la compañía aseguradora en juez de su propia causa, lo que es tan irrazonable que no debe ser sostenido por ninguna corte de justicia. Es la prueba del hecho, no su mera alegación, lo que debe tenerse en cuenta para los efectos de la exoneración, según declara la misma corte. Si la simple afirmación de la parte interesada basta para que se inscriba un derecho en el registro de la propiedad, puede darse el caso de que se haga constar en el registro un acto completamente inexistente que culmine en la ejecución del crédito que aparece trasmitido y que se prive arbitrariamente de su propiedad al deudor hipotecario. La alegación de la compañía aseguradora puede ser o no cierta. Si lo es, medios tiene para ejercitar su derecho, ajustándose a las disposiciones de la ley y a los principios de la justicia; pero no puede pretender la inscripción de ese derecho para colocarse en condiciones de ejecutar la propiedad de su alegado deudor.

Afirma la recurrente, en su moción de reconsideración, que resolvimos la cuestión envuelta, *sua sponte,* sin alegación o argumentación alguna, bajo su absoluta ignorancia y sin darle la oportunidad de argumentar sobre la misma y apoyar sus argumentos con citas legales y jurisprudencia.

Por más que estamos convencidos de que esta corte actuó dentro de sus facultades, sin lesionar derecho alguno de la recurrente, en vista de esta alegación de indefensión, acordamos concederle quince días para que presentase la argumentación que creyese pertinente. En su nuevo alegato manifiesta la recurrente que todos los fundamentos que tiene para solicitar la reconsideración de la resolución dictada por nosotros y para sostener que la misma debe ser dejada sin efecto, están ampliamente expuestos con citas de jurisprudencia en la moción de reconsideración radicada en 4 de abril de 1933, la cual somete a este tribunal por los argumentos y citas expuestos en la misma.

Alega además la recurrente, que si el derecho de subrogación a su favor depende para su eficacia legal de la prueba de que no tiene responsabilidad alguna para con el asegurado, entonces el contrato objeto de este recurso participaría de la índole de una cesión parcial de crédito hipotecario sujeta a condición, y así podría hacerse constar para que el registrador de la propiedad inscriba dicha cesión sujeta a tal condición.

·No se trata en este caso de una obligación futura, suspensiva o resolutoria. El derecho de la compañía aseguradora es una cuestión que pertenece al pasado. No depende de condición alguna. La obligación, si es que existe, surgió a la vida desde el momento en que, en virtud de un acto del asegurado, la compañía aseguradora quedó exonerada de responsabilidad para con él. La recurrente, sin embargo, tiene el deber de probar la existencia de dicha obligación y no surge de los autos que haya cumplido con este requisito. Si como se pretende, se inscribe este alegado derecho sujeto a su probanza por parte de la compañía aseguradora y ésta permanece inactiva sin intentar demostrar que no tiene responsabilidad para con el asegurado, podría darse el caso de que permaneciese indefinidamente en el registro la inscripción de un derecho inexistente practicada a espaldas del deudor hipotecario. Conviene hacer constar, para terminar, que el

deudor hipotecario tiene derecho a que se le descuente de su obligación la cantidad pagada por la aseguradora a su acreedor, a menos que haya ejecutado algún acto que exonere a la compañía de responsabilidades para con él.

*No ha lugar a la reconsideración solicitada.*

El Juez Asociado Señor Wolf disintió.*