Adela Valentín Valle, Etc., recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1113.—*Sometido:* Noviembre 17, 1942.   *Resuelto:* Diciembre 23, 1942.

*B. Esteves,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Adela Valentín Valle, como madre con patria potestad sobre el menor Nicolás Jiménez Valentín, solicitó y obtuvo de la Corte de Distrito de Aguadilla autorización judicial para vender, en pública subasta, un condominio de una tercera parte de una finca perteneciente a dicho menor. En la resolución dictada por la corte se autorizó además lo siguiente:

"Asimismo, se autoriza a dicha peticionaria para que · deje asegurado con hipoteca el importe del precio de dicho condominio, el cual se fija en la cantidad mínima de cuatrocientos dollars, a los efectos de subasta, debiendo constituirse dicha hipoteca por un plazo no mayor de dos años, con interés del nueve por ciento anual ''e inscribirse en el Registro de la Propiedad.''

Celebrada la subasta correspondiente, después de cumplirse los trámites legales, le fué adjudicado el condominio, por el precio de $400 fijado por la corte, al Sr. Víctor J. Rodón, que era dueño de las otras dos terceras partes de la finca. Hecha la adjudicación se otorgó por el márshal escritura de venta judicial a favor de Rodón y en la misma escritura el adquirente reconoció estar adeudando el precio de la compra y constituyó hipoteca a favor del menor Nicolás Jiménez sobre la finca de acuerdo con los términos exigidos en la resolución de la corte. Presentada la escritura para su inscripción al Registro de la Propiedad de Aguadilla, el registrador primero la inscribió y luego rectificó y denegó su inscripción por el fundamento de que ''en la subasta celebrada en el procedimiento seguido sobre Autorización Judicial, Civil núm. 14129 de la Corte de Distrito de Aguadilla, el importe de dicha subasta debió pagarse de contado.'' Contra esa nota se estableció el presente recurso gubernativo.

██ El artículo 616 del Código de Enjuiciamiento Civil (Artículo 82 de la Ley sobre Procedimientos Legales Especiales) dispone en su primer párrafo que:

"En cualquier caso en que el juez autorice al solicitante para algún acto o contrato, en que el menor o incapaz obtenga dinero u otros valores, la resolución determinará la colocación o inversión de lo adquirido y el fiscal vigilará por los medios que considere adecuados el cumplimiento de la resolución judicial."

Este precepto no exige, como sostiene el registrador recurrido, que el precio objeto de la venta judicial debió pagarse al márshal en dinero efectivo y que posteriormente debió la peticionaria acudir de nuevo a la corte para obtener una nueva autorización judicial para invertirlo. Este procedimiento se sigue cuando en la petición original no se solicita la inversión del dinero obtenido en la subasta. [2] Ahora bien, en su alegato el registrador expone otros razonamientos que demuestran la corrección de su negativa a inscribir el documento en este caso cuando dice lo siguiente:

"¿Cómo es posible que se ordene la inversión de los dineros del menor, *a priori*, en manos de un deudor cuya identidad se desconoce y con una garantía cuya solidez no es posible conocer?

"La identidad del licitador que obtenga la buena pro en una subasta no puede anticiparse. Siendo ello así, ni el fiscal puede dictaminar ni la corte puede cerciorarse de las condiciones personales del deudor ni de la solidez de la garantía, requisitos exigidos por la ley para proteger los intereses de los menores."

Es cierto que no es en el alegato donde el registrador debe consignar los motivos legales de su resolución, sino que es deber suyo expresar al pie del documento clara y concisamente los motivos legales de su negativa de acuerdo con la ley de marzo 1°. de 1902; *Machuca e Hijos & Co.* v. *Registrador,* 22 D.P.R. 755; *Graciani* v. *Registrador,* 25 D.P.R. 44; *United Firemen's Ins. Co.* v. *Registrador,* 45 D.P.R. 591. Esto no obstante, tanto en el último caso citado como en el de *Machuca,* supra, esta corte los consideró en su fondo y confirmó las notas recurridas por entender que los hechos así lo ameritaban. En el caso de autos nos consideramos justificados en hacer lo mismo por tratarse de uno en que están envueltos los derechos de un menor de edad. Las cortes de justicia deben ejercitar su poder de *parens patriae*

en todo momento en que se les llame la atención de que dichos derechos pueden ser lesionados.

■■ La Corte de Distrito de Aguadilla lo único que hizo en su resolución fué consignar las condiciones de la hipoteca que se autorizó a la madre del menor a otorgar para garantizar el importe del precio del condominio vendido en pública subasta. En dicha resolución, sin embargo, no se determinó por la corte, con la certeza necesaria para la protección de los intereses del menor, según exige el artículo 616, supra, sobre qué propiedad específica habría de constituirse el gravamen, y, al no hacerlo, tampoco pudo el fiscal cumplir con el deber que le impone dicho artículo de vigilar por el cumplimiento de la resolución judicial. Estos requisitos legales deben ser estrictamente cumplidos por las cortes de distrito y sus fiscales para que los intereses de los menores de edad sean debidamente protegidos. La corte al dictar su resolución autorizando a la madre a dejar asegurado con hipoteca el importe del condominio sin más especificación, no determinó sobre qué propiedad se iba a constituir el gravamen hipotecario. De hecho el menor se desprendió de su derecho dominical sobre el condominio para adquirir un derecho hipotecario sobre una finca desconocida.

Aún cuando no ha sido objeto del recurso, es de notarse el hecho de que la corte inferior valorara el condominio del menor, de una tercera parte de la finca, en sólo $400, mientras que del registro aparece que los otros condominios de dos terceras partes de la misma finca están hipotecados por un total de $2,500. Nada hay en la resolución de la corte que indique el motivo de esta desproporción en la valoración del condominio, pues si el resto de la finca puede soportar un gravamen hipotecario de $2,500 es porque su valor es mucho mayor.

*Somos de opinión que en la autorización judicial para la inversión del dinero obtenido en la venta del condominio del menor no se cumplió con los requisitos de ley y, en su consecuencia, se confirma la nota recurrida.*