The Pentecostal Church of God, Inc. y José María Rosario, recurrentes, *v.* El Registrador de la Propiedad de Río Piedras, recurrido.

Núm. 1269.—*Sometido:* Enero 2, 1951. *Resuelto:* Febrero 12, 1951.

*Guillermo Estrella Frasqueri,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Éste es un recurso gubernativo para revisar una nota del Registrador denegando la inscripción de cuatro escrituras. Por la primera escritura el Municipio de Río Piedras segregó de una finca de 1172.50 m/c, propiedad del Municipio, un solar de 500 m/c, y lo vendió y traspasó a The Pentecostal Church of God, Inc. Por la segunda el Municipio segregó de la misma finca 70 m/c, y lo vendió y traspasó a la misma iglesia. Por la tercera, otorgada por la iglesia, se agruparon las dos parcelas antes mencionadas. Por la cuarta escritura, el Municipio vendió y traspasó a José María Rosario el remanente de la finca de 1172.50 m/c, o sea, 602.50 m/c.

Estas escrituras, con excepción de la tercera, dicen que la finca de 1172.50 m/c fué ofrecida en venta en una subasta pública por la Junta de Subastas del Municipio; que el anuncio de la subasta fué debidamente efectuado mediante anuncios de la misma en sitios visibles del Municipio y publi-

cándola en un periódico de los de mayor circulación por el término legal; que las ofertas hechas en la subasta fueron rechazadas por la Junta por ser demasiado bajas; que la Junta acordó la venta directa del solar a través del Alcalde, según conviniera mejor a los intereses del Municipio; que la Asamblea Municipal aprobó este acuerdo; y que a tenor con el mismo el Alcalde vendió y traspasó el solar en cuestión por los precios mencionados en las escrituras.

En adición a las escrituras, los peticionarios sometieron una Acta Aclaratoria otorgada por las partes en la que se decía que las escrituras no expresaban el hecho de que se celebró una segunda subasta pública; que se sometieron nuevas proposiciones que eran más bajas que las de la primera subasta; que éstas fueron luego rechazadas; y que la Junta de Subastas entonces acordó vender la propiedad a través del Alcalde, sin competencia. Los peticionarios también sometieron copias certificadas de las varias actas de la Junta y de la Asamblea Municipal, aprobando las ventas antes referidas.

El Registrador se negó a inscribir las escrituras primera, segunda y cuarta por el fundamento de que "no se ha acreditado en este Registro la publicación de edictos y la celebración de una subasta pública en la forma que ordena la ley . . .". La inscripción de la tercera escritura fué denegada porque "las fincas que se agrupan no aparecen inscritas . . .". La actuación del Registrador en cuanto a la tercera escritura depende de si su actuación en cuanto a las otras tres es o no correcta. Es decir, solamente de ser inscribibles las escrituras primera y segunda es que los peticionarios tendrían derecho a inscribir la tercera.

Los peticionarios han radicado un elaborado alegato justificando las ventas sin competencia a tenor con el artículo 38 de la Ley Municipal, Ley núm. 53, Leyes de Puerto Rico, 1928 (pág. 335), y el artículo 8 de la Ley núm. 53, según fué enmendado por la Ley núm. 114, Leyes de Puerto Rico,

1938 (pág. 245). De conformidad con el artículo 8 no se pueden vender bienes inmuebles propiedad del Municipio sino mediante subasta pública. Sin embargo, el artículo 38 también provee que la Junta de Subastas puede rechazar todas las proposiciones y celebrar una nueva subasta o "disponer del asunto del modo más ventajoso para el municipio, sin competencia." Véase *Nine* v. *Ortiz*, 67 D.P.R. 940, 948.

■■ Si lo que expresan las escrituras y el Acta Aclaratoria es cierto, estas escrituras son inscribibles en virtud de los artículos 8 y 38. El Registrador no niega esta proposición. Admite que el Municipio puede rechazar proposiciones en una subasta pública de bienes inmuebles y luego venderlos sin competencia. Su posición sencillamente es que "debe acreditarse la publicación del edicto en un periódico de circulación".

Convenimos con el Registrador. El caso de *Morales* v. *Registrador*, 36 D.P.R. 101, citado por los peticionarios, es distinguible. En él se resolvió que si una corte adjudica en una información de dominio el título de bienes a favor de un peticionario, éste no tiene que acreditar ante el Registrador la forma en que los edictos y las citaciones se verificaron en cuanto a los anteriores dueños. Pero como dijimos a la pág. 104, "el registrador no está autorizado para calificar los fundamentos de las resoluciones de los tribunales . . . ". Por otro lado, la Junta de Subastas no es un tribunal, y lo que exprese en términos generales el Municipio en sus resoluciones y en las escrituras al efecto de que se ha cumplido con la ley que exige la publicación de un aviso de subasta pública de bienes inmuebles propiedad de un municipio, no es suficiente por sí para probar la publicación de tal aviso. En vista de estas circunstancias, creemos que el Registrador tenía derecho, según afirma en su alegato, a exigir "la presentación al Registro de certificación acreditativa de la publicación de ese edicto en un periódico local de acuerdo con los preceptos de la Ley Municipal." También

creemos que es pertinente el comentario del Registrador al efecto de que "Asumiendo que estemos equivocados, siempre nos ha parecido más fácil, más corta, más rápida y menos costosa para el recurrente la presentación de esa certificación que la preparación del extenso alegato del recurrente."

*La nota del Registrador será confirmada.*