AVILÉS, RECURRENTE, v. EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra resolución del Registrador de la Propiedad de Aguadilla.

No. 141.—Resuelto en abril 11, 1903.

BIENES DE MENORES—VENTA HECHA POR EL CAUSANTE EN DOCUMENTO PRIVADO—OTORGAMIENTO DE ESCRITURA PÚBLICA POR LA VIUDA.—La madre de unos menores necesita autorización judicial de la corte de distrito correspondiente para otorgar escritura pública de la venta de una finca hecha mediante documento privado por el padre de dichos menores, antes de empezar a regir la ley No. 33 de marzo 9, 1911. Los preceptos de esta ley que regulan la venta en pública subasta de bienes de menores, no tienen aplicación a un caso de esta naturaleza.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. Mariano R. Acosta.*
El registrador no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En escritura pública otorgada el 20 de marzo de 1912 sobre partición de bienes de José Monserrate Déliz, fallecido el 27 de septiembre de 1905, su viuda Ana Petronila Méndez Vaz, que renunció todo cuanto pudiera corresponderle por mitad de gananciales y derecho usufructuario, hizo constar, en representación de diez hijos menores de edad habidos en su matrimonio con el difunto, de quien eran únicos herederos, que en 15 de julio de 1905, su esposo, con asistencia de ella, había vendido a Bonifacio Avilés Pérez, mediante documento privado inserto literalmente en aquella escritura, un predio rústico de 14½ cuerdas, sito en el Barrio de Capá, de Moca, por precio recibido de $240, obligándose a otorgar a Avilés Pérez escritura pública de venta, por lo que en la representación expresada y en cumplimiento de dicha obligación otorgaba, como otorgó, a favor de Avilés Pérez la escritura ofrecida para que pudiera inscribir su título de propiedad en el registro.

Presentada en el Registro de la Propiedad de Aguadilla la escritura de partición de bienes para su inscripción en cuanto a la venta hecha a Avilés Pérez, el registrador la denegó por medio de la siguiente nota:

"Denegada la inscripción del precedente documento, por no constituir el acto o contrato de que trata una adjudicación en pago de crédito contra el caudal hereditario, y sí una ratificación de venta hecha en documento privado, sin que se haya obtenido previamente autorización de la corte de distrito de esta ciudad, de acuerdo con lo dispuesto en el artículo 80 de la Ley de Procedimientos Especiales de 9 de marzo de 1905, enmendado por la de 9 de marzo de 1911, y tomada en su lugar anotación preventiva que ordena la Ley, por el término legal, con vista de otros documentos, y sólo en cuanto a la finca radicada en el término de Moca, única de que se solicitó inscripción, a favor de Don Bonifacio Avilés y Pérez al folio 196 del tomo 13 de Moca, finca 629 Duplicado, Anotación letra 'B,' Aguadilla, quince de marzo de mil novecientos trece. El registrador, Rafael Tirado Verrier."

Esa nota ha sido recurrida por Bonifacio Avilés Pérez para ante esta Corte Suprema y en apoyo del recurso alega que los textos legales citados por el registrador no son aplicables al caso, puesto que no se trata de la realización de una venta, sino del otorgamiento del título de una venta ya realizada, y no cabe vender en pública subasta una finca ya vendida por documento privado a Avilés Pérez.

El artículo 229 del Código Civil, tal como ha quedado enmendado por la ley número 33, aprobada en 9 de marzo de 1911, establece que el ejercicio de la *patria potestad* no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de $500 pertenecientes al hijo y que estén bajo la administración de aquéllos sin previa autorización de la corte de distrito en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o el gravamen, y de acuerdo con lo dispuesto en los artículos 80, 81 y 82 de la ley referente a Procedimientos Legales Especiales, aprobada en 9 de marzo

de 1905, cuyos artículos han quedado concebidos y redactados en los términos que previene la misma ley ya citada de 9 de marzo de 1911.

Esos artículos marcan las formalidades que deben llenarse en todos los casos en que, según el Código Civil, necesitan los padres o el tutor de un menor o incapaz, autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes. Entendemos que las formalidades prevenidas para la venta de bienes inmuebles no regulan un caso como el presente, en que solamente se trata de elevar a documento público un documento privado de venta de una finca perteneciente a los menores hijos de José Monserrate Déliz, por la potísima razón de que no hay términos hábiles para vender una finca ya vendida. Pero ello no exime de que se solicite por la representación de los menores la autorización previa de la corte de distrito correspondiente, para el otorgamiento de la escritura pública.

El documento privado otorgado por José Monserrate Déliz con asistencia de su esposa a favor de Bonifacio Avilés Pérez, creó entre los contratantes un vínculo de derecho que hoy afecta a los causahabientes del vendedor, pero que tratándose, como se trata, de venta de un inmueble, no puede producir efectos legales respecto de terceras personas mientras no sea inscrito el contrato en el registro de la propiedad, para cuya inscripción es de absoluta necesidad que conste en documento público.

En cuanto a terceros, la finca rústica en cuestión pertenece hoy a la Sucesión de José Monserrate Déliz, compuesta de sus menores hijos.

Hubo verdadero contrato de venta entre José Monserrate Déliz y Bonifacio Pérez Avilés, pero ese contrato que tuvo por objeto la trasmisión del derecho real de dominio sobre un bien inmueble, debe constar en documento público, con arreglo al precepto del artículo 1247 del código citado, y para llenar esa formalidad, debe solicitarse la correspondiente autorización judicial en guarda y beneficio de los derechos de

los menores Déliz. Véase el caso entre las mismas partes *Avilés* v. *El Registrador,* 17 D. P. R., 960.

Por las razones expuestas, es de confirmarse la nota recurrida del Registrador de la Propiedad de Aguadilla.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.