Avilés _v._ El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Aguadilla.

No. 99.—Resuelto en octubre 13, 1911.

Inscripción de Título en el Registro de la Propiedad—Documento Privado.— A. vendió a B una finca y la venta se hizo constar en documento privado en el que se consignó además, que no se otorgaba escritura pública por estar la finca gravada y ser necesario liberarla antes y que la esposa de A quedaba advertida, impuesta y conforme en otorgarla en caso de fallecimiento. A murió y su esposa otorgó la escritura y el registrador se negó a inscribirla basado en el inciso 1°. del artículo 3 de la Ley Hipotecaria. Se resolvió que la negativa del registrador no estaba bien fundada en este extremo porque no se trataba de inscribir el documento privado por sí solo, sino revestido ya de todas las solemnidades de un documento público.

Venta de Bienes de Menores—Autorización Judicial.—En el caso anterior, a la muerte de A fueron declarados sus herederos sus menores hijos y la escritura fué otorgada por la viuda sin obtener autorización judicial alguna. El registrador negó también la inscripción del documento por este motivo y la Corte Suprema resolvió que el registrador tenía razón en cuanto a este extremo, porque el acto realizado envolvía la venta o la ratificación de la venta de un bien inmueble por menores de edad, y la autorización judicial era absolutamente necesaria de acuerdo con la ley vigente cuando se otorgó el documento.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de Aguadilla una copia auténtica de la escritura No. 86, otorgada por Ana Méndez Vaz, por su propio derecho y como madre con patria potestad sobre sus menores hijos habidos en su matrimonio con José M. Deliz, de una parte, y de otra Bonifacio Avilés, ante el Notario Público Mercader, en Aguadilla, el 17 de febrero de 1906, el registrador se negó a inscribirla por los siguientes motivos:

"Denegada la inscripción del precedente documento, en cuanto a la venta a Bonifacio Avilés de catorce y media cuerdas de terreno en "Capá" de Moca, única de que solicitó inscripción, porque siendo privado el documento de quince de julio de mil novecientos cinco que se inserta y en cuya virtud se otorgó aquél, no es inscribible con arreglo al inciso primero del artículo tercero de la Ley Hipotecaria; y por haber otorgado dicha venta Doña Ana Petronila Méndez no sólo por sí, sino como madre con patria potestad sobre sus hijos Luis, Ana María, Monserrate, Juana, Pedro, Ramón, Carlos Guillermo, Asunción, Rosa María y María de las Mercedes, sin haber obtenido. autorización judicial correspondiente en la forma prevista por el artículo ochenta de la Ley de Procedimientos Legales Especiales, de nueve de marzo de mil novecientos cinco, y su enmienda de nueve de marzo de mil novecientos once, etc."

Notificada la negativa al presentante del documento, solicitó que se elevara a este Tribunal Supremo. El registrador así lo hizo, de acuerdo con la ley, acompañando además un informe explicativo de su nota. Los interesados no han hecho gestión alguna ante esta corte.

De un examen del documento en cuestión, aparece que José M. Deliz, casado con Ana Méndez Vaz, otorgó, en 15 de julio de 1905, un documento privado por el cual vendió a Bonifacio Avilés cierta finca rústica y en el cual hizo constar que no se otorgaba escritura pública por estar la finca gravada y ser necesario liberarla antes y que la esposa quedaba advertida, impuesta y conforme en otorgarla en caso del fallecimiento de Deliz.

Deliz falleció en efecto, su esposa y sus hijos fueron declarados por la corte de distrito sus herederos abintestato, y la esposa, por su propio derecho y como madre con patria potestad sobre sus menores hijos, otorgó la escritura cuya inscripción ha sido denegada.

El primero de los motivos alegados por el registrador en la nota que se ha transcrito anteriormente no está bien fundado, porque no se trataba de inscribir el documento privado por sí solo, sino revestido ya de todas las solemnidades de un documento público.

El segundo motivo está bien fundado y es suficiente para sostener la negativa del registrador.

La escritura se otorgó por la Sra. Méndez con posterioridad al fallecimiento de su esposo Deliz, es decir cuando estaba ya disuelta la sociedad de gananciales a la que pertenecía la finca según el registro, siendo en su consecuencia necesario para otorgarla el consentimiento no sólo de la esposa Sra. Méndez, sino el de todos los herederos del esposo Deliz.

Tales herederos eran menores de edad y no podían prestar por sí mismos su consentimiento, ni podía hacerlo por ellos su madre, en el ejercicio ordinario de la patria potestad. El acto envolvía la venta o la ratificación de la venta de un bien inmueble y la autorización judicial era absolutamente necesaria de acuerdo con el Código Civil y la Ley de procedimientos legales especiales de 1905, vigentes cuando se otorgó el documento.

En tal virtud y por el segundo de su fundamentos, debe confirmarse la nota del registrador en este caso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.