· JIMÉNEZ v. EL REGISTRADOR DE LA PROPIEDAD.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 2ª.

No. 106.—Resuelto en noviembre 29, 1911.

SUBASTA DE BIENES DE MENORES—ESCRITURA DE VENTA OTORGADA POR EL MÁRSHAL.—En los casos de subasta de bienes de menores en virtud de autorización judicial para su enajenación, de acuerdo con la ley número 33 de marzo 9, 1911, no conteniendo dicha ley precepto alguno acerca de quien ha de otorgar la escritura de venta de los bienes subastados, es de aplicación a esos casos la ley de marzo 9, 1905, página 212 y de acuerdo con el artículo 5°. de dicha ley, el márshal tiene el deber de otorgar al comprador en subasta pública la escritura de venta en debida forma.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Martínez Dávila.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En cumplimiento de orden expedida por el juez de la Corte de Distrito de San Juan, Sección 1ª., al márshal de dicha corte en 6 de junio del corriente año, para que procediera al remate de una casa de la propiedad del menor José Pablo Santiago, e hiciera la adjudicación de la misma al mejor postor por precio que no bajara de cuatrocientos dollars, toda vez que el tutor de dicho menor había pedido y obtenido la correspondiente autorización judicial de venta, el referido márshal, en cumplimiento de tal orden, verificó la subasta de la casa e hizo su adjudicación a Domingo Jiménez, a cuyo favor otorgó en 24 de julio siguiente, la correspondiente escritura de venta por ante el Notario Don José Martínez Dávila.

Presentada copia del anterior documento al Registrador de la Propiedad de San Juan, Sección 2ª., para su inscripción en el registro, fué denegada por medio de nota que copiada a la letra dice así:

"No admitida la inscripción del precedente documento por el defecto de haber sido otorgado por el márshal de la corte de este distrito y nó por el tutor del menor José Pablo Santiago, a quien corresponde la representación del mismo según las leyes vigentes; y tomada en su lugar anotación preventiva por término legal al folio 177 vuelto del tomo 20 de Bayamón, finca número 767 duplicado, anotación letra A., San Juan, P. R., noviembre 1º. de 1911. El Registrador sustituto, Raul Benedicto."

Esa nota ha sido recurrida por el comprador Domingo Jiménez, y opinamos que debe ser revocada.

El artículo 82 de la ley de 9 de marzo de 1905, referente a procedimientos legales especiales, tal como ha sido enmendado por la Sección 2ª. de la ley número 33, aprobada en 9 de marzo de 1911, para enmendar los artículos 229, 282 y 284 del Código Civil y los 80, 81 y 82 de la ley citada de 9 de marzo de 1905, establece que la subasta de bienes de menores o incapaces deberá verificarse ante el márshal del distrito, y

no contiene precepto alguno sobre el otorgamiento de la escritura de venta de los bienes subastados; por lo que es de aplicación al caso la ley aprobada en 9 de marzo de 1905 para reformar los artículos 94, 152, 234, 295 y 302 del Código de Enjuiciamiento Civil y para derogar los artículos 259 a 266, y todos los demás del mismo en cuanto se refieran a la redención de la propiedad, y para otros fines.

El artículo 5°. de la ley que acabamos de citar dice así:

"En los casos en que se venda en subasta pública por el márshal u otro funcionario debidamente autorizado una propiedad inmueble en virtud de ejecución u orden de venta librada por una corte de justicia, deberá dicho márshal o funcionario otorgar al comprador escritura pública en debida forma de tal propiedad, abonando dicho comprador el importe de tal escritura."

No vemos razón alguna especial para que las ventas de bienes de menores deban excluirse del precepto legal transcrito, dictado para la ejecución de sentencias en pleitos civiles, pues si bien con arreglo al artículo 277 del Código Civil el tutor representa al menor o incapacitado en todos los actos civiles, salvo aquellos que por disposición expresa de la ley pueden ejecutar por sí solos, eso no empece para que el márshal de la corte de distrito correspondiente, que por precepto terminante de la ley ha verificado los actos de subasta y adjudicación, y no el tutor del menor, sea quien otorgue el título traslativo de·la propiedad enajenada, como sucede también cuando se enajenan bienes de mayores en subasta pública y por orden judicial para ejecución de sentencia, a pesar de representar esos mismos mayores, sus propios derechos y acciones. La acción tutelar del poder público mediante la intervención del márshal con las responsabilidades a que él está sujeto, lejos de perjudicar puede favorecer los intereses de los menores de edad.

Por las razones expuestas procede se revoque la nota recurrida y que se haga la inscripción denegada.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.