Eugenio Maya Pérez, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1209.—*Sometido:* Mayo 19, 1947. *Resuelto:* Mayo 23, 1947.

*José Sabater,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En la escritura pública presentada al Registro, los herederos de doña Candelaria Segarra Tizol hacen constar que la causante vendió a Eugenio Maya Pérez, el aquí recurrente, una finca rústica, recibiendo del comprador el precio conve-

nido; que se convino entre las partes que tan pronto como le fuera posible la vendedora otorgaría la correspondiente escritura de venta a favor del comprador; que la vendedora falleció sin haber otorgado dicha escritura; y que después de investigar el asunto y cerciorarse de que la venta se había realizado, todos los herederos estuvieron conformes en ratificarla otorgando escritura a favor del comprador. Del documento aparece que por resolución de 1ro. de octubre de 1946 la Corte de Distrito de Mayagüez declaró herederos de la señora Segarra a sus siete hijos mayores de edad y a dos nietos menores de edad. En la escritura de ratificación de la venta los dos menores estuvieron representados por el padre, quien hizo constar que "no tiene intereses encontrados con sus menores hijos respecto a la finca que se describirá y que vendió su abuela."

Negóse el registrador a inscribir el documento, por el siguiente fundamento:

". . . porque siendo necesario el consentimiento de todos los herederos . . . para el otorgamiento de la escritura de ratificación . . . se otorgó la misma por los herederos mayores de edad y por Hermógenes Rodríguez, como padre con patria potestad sobre los herederos menores de edad, . . . sin haber obtenido la correspondiente autorización judicial para tal ratificación en la forma provista por el artículo ochenta de la Ley de Procedimientos Legales Especiales de 9 de marzo de 1905 y su enmienda de 9 de marzo de 1911."

Alega el recurrente que el Registrador erró al exigir como condición para practicar la inscripción la autorización judicial en cuanto al interés de los menores. Y cita en apoyo de su contención el caso de *Martínez* v. *Registrador*, 23 D.P.R. 356, el cual es claramente inaplicable al de autos. Lo que se resolvió en el mencionado caso fué que el artículo 229 del Código Civil de 1902, según fué enmendado por la Ley de 9 de marzo de 1911 (art. 159, Código Civil de 1930) no es aplicable a una división de bienes en comunidad en que están interesados menores de edad, porque dicha división se rige por el artículo 413 (art. 340, Código Civil, 1930) en relación con el

1027 de dicho Código (art. 1013, Código Civil, 1930), que no exige autorización judicial para llevar a cabo una división de bienes poseídos en comunidad por menores de edad cuando éstos están representados por el padre o la madre.

Admite el Registrador que en casos de partición de herencia o de división de comunidad no se necesita autorización judicial cuando los menores están representados por el padre o por la madre; pero, en defensa de su nota denegatoria, sostiene que en el presente caso no se trata de una división de comunidad ni de una partición de herencia y sí de la ratificación de una venta, para lo cual es necesaria la autorización judicial.

Tiene razón el Registrador. En *Avilés* v. *Registrador,* 17 D.P.R. 960, la viuda por su propio derecho y como madre con patria potestad sobre sus menores hijos otorgó una escritura ratificando la venta de una finca que por documento privado había hecho su esposo. Se negó el Registrador a inscribir el documento y fué sostenido por este Tribunal, diciendo:

"Tales herederos eran menores de edad y no podían prestar por sí mismos su consentimiento, ni podía hacerlo por ellos su madre, en el ejercicio ordinario de la patria potestad. El acto envolvía la venta o la ratificación de la venta de un inmueble y la autorización judicial era absolutamente necesaria, de acuerdo con el Código Civil y la Ley de Procedimientos Legales Especiales de 1905, vigentes cuando se otorgó el documento."

En *Avilés* v. *Registrador,* 19 D.P.R. 365, se presentaron a la consideración de esta Corte hechos similares a los del caso anterior entre las mismas partes. Alegó el recurrente que las leyes citadas por el Registrador no eran aplicables al caso, puesto que no se trataba de realizar una venta y sí del otorgamiento del título de una venta ya realizada; y, además, que no cabía vender en pública subasta una finca ya vendida por documento privado. Se confirmó la nota denegatoria en los siguientes términos:

"Entendemos que las formalidades prevenidas para la venta de bienes inmuebles no regulan un caso como el presente, en que sola-

mente se trata de elevar a documento público un documento privado de venta de una finca perteneciente a los menores hijos de José Monserrate Deliz, por la potísima razón de que no hay términos hábiles para vender una finca ya vendida. *Pero ello no exime de que se solicite por la representación de los menores la autorización previa de la corte de distrito correspondiente para el otorgamiento de la escritura pública."* (Bastardillas nuestras.)

Véanse: *Burset* v. *Registrador,* 49 D.P.R. 49; *Costa* v. *Piazza,* 51 D.P.R. 689; *Aponte* v. *Registrador,* 56 D.P.R. 834; *West India Oil Co.* v. *Blanch,* 57 D.P.R. 591.

El hecho de que la participación que a cada uno de los menores correspondería en el precio de la venta sea menos de $500, en nada ayuda al recurrente. El artículo 159 del Código Civil, 1930, dispone que "el ejercicio de la patria potestad no autoriza al padre ni a la madre para enajenar o agravar *bienes inmuebles de clase alguna,* o muebles cuyo valor exceda de quinientos dólares, pertenecientes al hijo, y que estén bajo la administración de aquéllos, sin previa autorización de la corte de distrito en que los bienes radiquen." Ya hemos visto que aquí se trata de la ratificación de una enajenación de bienes inmuebles.

*La nota recurrida será confirmada.*