GEORGINA LUISA LÓKPEZ FINLAY, demandante y apelante, *v.* JOSÉ SOTELO TABOAS y GABRIELA GARCÍA QUIÑONES, demandados y apelados; JUAN HERNÁNDEZ MATOS y MARINA RODRÍGUEZ, citados de evicción.

Núm. 9802.—*Sometido:* Febrero 15, 1949. *Resuelto:* Noviembre 16, 1949.

*Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados de la apelante; *Brown, Newson & Córdova,* abogados de los apelados; *Federico García Veve,* abogado de los citados de evicción.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Este es un pleito sobre reivindicación de un solar. La acción está basada en la nulidad del procedimiento sobre autorización judicial a virtud del cual fué vendido el indicado inmueble mientras la demandante era menor de edad. Como fundamento de su acción alega la demandante que su padre, Víctor Luis Lókpez, es y siempre ha sido ciudadano cubano quien contrajo matrimonio con la madre de la demandante, en el Estado de Connecticut; que posteriormente trasladaron su residencia a la ciudad de Nueva York donde nació la demandante el 4 de junio de 1917 y allí falleció la madre de ésta el 22 de marzo de 1919; que como resultado de dicho fallecimiento la menor heredó una finca urbana radicada en Santurce que constaba entonces de quince mil metros cuadrados aproximadamente y la cual se describe en la demanda; que el 17 de agosto de 1934 su padre, sin consultarle sobre la transacción que iba a hacer, alegando ser padre con patria potestad sobre ella, radicó en la Corte de Distrito de San Juan una petición solicitando autorización judicial para la venta de un solar de 726.30 metros cuadrados que formaba parte de la finca principal antes mencionada; que a virtud del referido procedimiento, el 28 de agosto de 1934 se ordenó que por el márshal fuera vendido el solar en pública subasta, y en cumplimiento del mandamiento que se expidió al efecto, el referido inmueble fué vendido el 21 de septiembre de 1934 por precio de $5,000, a Juan Hernández Matos, quien inscribió su título en el Registro de la Propiedad, y posteriormente, el 28 de octubre de 1937, por escritura otorgada ante el notario Eduardo H. F. Dottin, lo vendió a los demandados Juan Sotelo Taboas y Gabriela García Quiñones, quienes, de acuerdo con la demanda, lo están poseyendo y percibiendo sus rentas montantes a no menos de $50 mensuales.

Como motivos de nulidad del procedimiento sobre autorización judicial, alega la demandante que su padre en ninguna fecha tuvo la patria potestad sobre ella porque en Connecticut no existe la institución de la patria potestad, ni tampoco en Nueva York donde ella nació; que no se alegó ni probó en el indicado procedimiento que la venta fuese útil y necesaria para la demandante, entonces menor de edad, ni se expuso la edad exacta de ella, ni la del solicitante, ni la inversión que había de darse al producto de la enajenación; que conforme resulta del expediente sobre autorización judicial, la práctica de la prueba en el citado procedimiento se verificó en ausencia del fiscal del distrito, declarando como único testigo el propio peticionario, padre de la demandante; que practicada la prueba, la corte ordenó al taquígrafo que procediera a transcribir las notas taquigráficas y que una vez transcritas se unieran al expediente; que no se presentó evidencia sobre la existencia de la patria potestad del padre de la demandante ni se adujo evidencia pericial ni de ninguna otra clase sobre el valor del inmueble; que de los autos del caso de autorización judicial resulta que el solar producía a la demandante una renta de $20 mensuales y se hallaba libre de gravámenes; que la venta fué celebrada sin que se hubiera, en aquella fecha ni posteriormente, registrado en el Libro de Sentencias la resolución decretando la venta; que dicha resolución fué dictada el 28 de agosto de 1934 y el mandamiento para llevarla a cabo fué expedido al márshal el mismo día, sin que por el Secretario del Tribunal se hubiera notificado la resolución ni al fiscal, ni al padre, ni a la menor; que de los autos consta que el mandamiento librado en el caso de autorización judicial para dar cumplimiento a la orden de venta no aparece encabezado a nombre de "Estados Unidos de América, El Presidente de los Estados Unidos, SS:"; que de los autos resulta que la subasta y venta del solar en cuestión se llevó a efecto sin que los edictos anunciando la subasta se publicaran en los sitios de costumbre y sin que el márshal hubiera

previamente embargado dicho solar o se hubiera incautado del mismo; que la demandante no ha recibido cantidad alguna del precio o valor pagado por el solar; que al adquirirlo Juan Hernández Matos en pública subasta lo hizo con conocimiento de las circunstancias antes expresadas e igual conocimiento tenían los aquí demandados cuando lo adquirieron. Termina la demanda con súplica de que se declare nula e inexistente la venta en pública subasta a favor de Juan Hernández Matos, y en consecuencia se ordene la cancelación de su título en el Registro de la Propiedad; que igual pronunciamiento se haga acerca de la venta por Juan Hernández Matos a favor de los demandados, y se proceda a la cancelación de la inscripción que se extendió a favor de éstos; que se declare a la demandante la única dueña de dicho solar, se le ponga en posesión del mismo y se condene a los demandados a pagar en concepto de daños y perjuicios una suma no menor de $50 mensuales a partir del 28 de octubre de 1937 y hasta que la posesión del expresado inmueble le sea entregada, condenándoles además al pago de las costas y honorarios de abogados.

Contestaron los demandados oponiéndose a las pretensiones de la demandante y presentaron una reconvención en la que solicitaron, para el caso de que se declarara con lugar la demanda, que se condenase a la demandante a devolver la cantidad de $5,000 que alegaron fué utilizado en su totalidad para beneficio y uso de ella, con intereses legales sobre dicha suma desde el 28 de octubre de 1937 hasta su pago, este último pronunciamiento para el caso en que se condenara a los demandados al pago de las rentas producidas por el referido solar.

La corte inferior dictó sentencia en los méritos, declarando sin lugar la demanda, fundándose en lo resuelto por este Tribunal en el caso de *Lókpez* v. *Fernández,* 61 D.P.R. 522. El presente caso envuelve sustancialmente las mismas cuestiones suscitadas en *Lókpez* v. *Fernández,* supra, con excepción de

que en aquél se sostuvo por este Tribunal que no hubo prueba. alguna con respecto al valor del solar que allí se vendió, perteneciente también a la aquí demandante, mientras que en éste, la corte inferior sostuvo que se presentó evidencia suficiente para sostener el precio mínimo que se le dió al solar a los efectos de la enajenación.

La proposición principal de la demandante, aquí apelante, es que la doctrina establecida por este Tribunal en el caso de *Lókpez* v. *Fernández,* supra, al efecto de que en Puerto Rico la ley del domicilio y no la ley nacional es la determinante del estatuto personal, es errónea, y que siéndolo, el padre de la apelante no tenía la patria potestad sobre ella; que no teniéndola, carecía de facultad para incoar a nombre de ella el procedimiento sobre autorización judicial; que siendo ello así, la corte de distrito careció de jurisdicción para conocer del procedimiento de autorización judicial y consecuentemente la orden de venta del solar fué nula e inexistente.

Tanto en éste como en el caso anterior de *Lókpez* v. *Fernández,* supra, se alegan los otros motivos de nulidad a que hemos hecho referencia y de los cuales nos ocuparemos oportunamente en esta opinión.

## I

Hemos examinado nuevamente la doctrina establecida por este Tribunal en el caso de *Lókpez* v. *Fernández,* supra, al efecto de que en Puerto Rico, interpretado el artículo 9 del Código Civil a la luz de los artículos 5 y 5(a) de la Ley Orgánica, la ley del domicilio es la determinante del estatuto personal, y no encontramos motivo alguno para abandonar la doctrina allí establecida. Sería inútil repetir aquí la amplia discusión que sobre este punto aparece en el citado caso. Podemos agregar, sin embargo, que en la hipótesis de que este Tribunal hubiera errado al establecer dicha doctrina, aún así el resultado a que habría de llegarse con respecto a este punto en particular, tanto en éste como en

aquel caso, sería el mismo a que entonces se llegó o sea, que el padre de la demandante tenía la patria potestad sobre ella. Esto es así, porque como hemos visto, de la propia demanda resulta que el padre de la demandante, en todo momento ha sido ciudadano de la República de Cuba, cuyas leyes, al igual que las nuestras, conceden al padre la patria potestad y como secuela de ésta, el usufructo y administración de los bienes de sus hijos menores de edad. Consecuentemente, si aplicáramos, como pretende la demandante, la ley nacional y no la del domicilio, resultaría que de acuerdo con la doctrina invocada por ella misma, el padre tenía la patria potestad y podía solicitar la venta del referido solar. Se dirá que no se ha presentado prueba al efecto de que la Ley de Cuba sea idéntica a la nuestra en cuanto al particular antes indicado. Pero tal prueba era innecesaria, toda vez que habiendo sido Cuba y Puerto Rico provincias españolas hasta el año 1898, podemos tomar conocimiento judicial de que las leyes de Cuba y las de Puerto Rico, hasta entonces, eran iguales, y en defecto de prueba en contrario debemos presumir que continúan lo mismo. *Arayo v. Currel*, 1 La. 528 (1830).

██ Arguye ahora la apelante que al resolver la corte inferior que su padre tenía la patria potestad sobre ella cuando solicitó y obtuvo la enajenación del solar, la privó de su propiedad sin el debido procedimiento de ley. Estriba su proposición en que en Connecticut donde sus padres contrajeron matrimonio y en Nueva York donde ella nació, el padre no tiene el usufructo ni la administración de los bienes de los hijos menores de edad ni puede solicitar, como tal padre, la enajenación de dichos bienes.

Concedemos que en Nueva York y en Connecticut la autoridad paternal no concede al padre el derecho de usufructo sobre los bienes de sus hijos, ni el de solicitar autorización para la venta de tales bienes. Pero cuando solicita, como en este caso, autorización judicial para vender bienes inmuebles de su hija radicados en Puerto Rico, los tribunales de esta

jurisdicción vienen obligados a aplicar a ese efecto las leyes de este país. De igual modo, si un padre puertorriqueño, que goza de la patria potestad, se traslada a Nueva York y solicita autorización judicial para vender bienes inmuebles de un hijo menor de edad, radicados en aquel estado, no puede invocar las leyes de Puerto Rico a los efectos de obtener tal autorización, sino que deberá ajustarse a las leyes vigentes en Nueva York. Al así proceder, las cortes de dicho estado, no estarían privando al menor de su propiedad sin el debido procedimiento de ley. Lo que harían sería no dar fuerza extraterritorial a las leyes de Puerto Rico y disponer de los bienes inmuebles radicados en el estado, de acuerdo con las prescripciones de sus propias leyes. *Babilonia* v. *Registrador,* 62 D.P.R. 688; *Polydore* v. *Prince,* 19 Fed. Cas. 950 (D.C. Me. 1837) y *Woodworth* v. *Spring,* 86 Mass. 321 (1862).

## II

El caso de autorización judicial que fué revisado en *Lókpez* v. *Fernández,* supra, fué sometido por la prueba presentada en la petición de autorización judicial a que se contrae el presente caso. Probablemente, por inadvertencia, dejó de presentarse evidencia sobre el valor del solar en el otro caso y sobre la necesidad y utilidad para su venta. Faltando en absoluto ese elemento de prueba, este Tribunal, en *Lókpez* v. *Fernández,* supra, revocó la sentencia apelada y declaró nula e inexistente la resolución decretando la venta judicial. Pero en la autorización judicial del presente caso no hubo esa omisión de prueba. Por el contrario, se presentó evidencia al efecto de que el solar tenía un valor de $5,000; que producía una renta de $20 mensuales; que la venta era beneficiosa y útil para la menor porque con su producto se cancelaría una hipoteca por $4,000 con intereses al 12 por ciento anual que afectaba otra propiedad de la menor y el resto se colocaría a interés.

Existiendo esta evidencia no puede atacarse colateralmente la validez de la venta por este fundamento. *González v. Roig et al.,* 31 D.P.R. 35 y *Lókpez v. Fernández,* supra, pág. 555.

En lo que respecta a la prueba de la patria potestad por evidencia documental, bastará decir que se presentó como prueba la escritura a virtud de la cual se transmitió a la menor el título de la finca principal de quince mil metros cuadrados y de dicho documento resulta que es hija legítima de Víctor Luis Lókpez cuyo matrimonio con la madre de la demandante fué disuelto por el fallecimiento de aquélla. Del matrimonio de los padres de la demandante y del nacimiento de ésta surge el derecho de patria potestad del padre; y de la muerte de la madre de la demandante en constante matrimonio resulta que hasta el fallecimiento de la madre, el padre no había perdido la patria potestad por razón de divorcio. Es entonces de aplicación el inciso 31 del artículo 464(1) del Código de Enjuiciamiento Civil y aplicándolo, debemos presumir que la patria potestad no se había extinguido cuando se autorizó y llevó a cabo la venta judicial, puesto que la demandante era soltera y sólo contaba' diez y siete años de edad.

■ Otra cuestión aquí suscitada y no discutida en el caso de *Lókpez v. Fernández,* supra, fué la referente a que la resolución decretando la venta judicial ordenó al márshal, y no al padre de la demandante, que procediera a vender el solar y fué el márshal quien llevó a efecto la venta. En *Jiménez v. Registrador,* 17 D.P.R. 1108, en una resolución de autori-

---

(1) El artículo 464 del Código de Enjuiciamiento Civil, en su inciso 31, prescribe:

"Artículo 464. Todas las demás presunciones serán satisfactorias, si no fueren contradichas. Se denominan presunciones disputables y pueden controvertirse mediante otra evidencia. Corresponden a esta clase las siguientes:

"(* * * * * *

"31 Que una vez probada la existencia de una cosa continúa ésta todo el tiempo que ordinariamente duran los casos de igual naturaleza.''

zación judicial para vender bienes de menores se ordenó al márshal que procediera a la venta en pública subasta de una casa propiedad de un menor. El márshal llevó a cabo la subasta y otorgó la escritura de venta. Presentado el documento para inscripción en el Registro de la Propiedad, el Registrador denegó la inscripción porque el documento fué otorgado por el márshal y no por el tutor del menor, opinando el Registrador que era al tutor y no al márshal, a quien correspondía la representación del menor, según las leyes vigentes. Al revocar la nota del Registrador se dijo por este Tribunal que a pesar de que el artículo 82 de la Ley de Procedimientos Legales Especiales, tal como fué enmendado por la sección 2 de la Ley núm. 33 aprobada el 9 de marzo de 1911 (pág. 126), establece que la subasta de bienes de menores o incapaces deberá verificarse ante el márshal del distrito y no contiene precepto alguno sobre el otorgamiento de la escritura de venta de los bienes subastados, corresponde al márshal de la corte de distrito ''que por precepto terminante de la ley ha verificado los actos de subasta y adjudicación'', otorgar el título traslativo de la propiedad enajenada.

Como podrá verse, el referido precepto legal fué interpretado en el sentido de que es el márshal y no el tutor el que verifica los actos de subasta y adjudicación, a pesar de que la ley disponía que la subasta debería verificarse ante el márshal de distrito.

Habiéndose discutido en *Lókpez* v. *Fernández,* supra, las demás cuestiones ahora suscitadas y llegado a una conclusión adversa a la parte apelante, sin que existan razones para que nos apartemos de lo dicho entonces, *procede confirmar la sentencia recurrida.*