ADELA RODRÍGUEZ y LYDIA ALICEA RODRÍGUEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

*Número:* G-62-5    *Resuelto:* 13 de junio de 1963

*José Sabater,* abogado de las recurrentes; el Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El día 11 de septiembre de 1958, don Angel Vázquez Alicea, otorgó un testamento abierto ante el Notario don Emilio Forestier Gregory, en el cual, después de manifestar que carecía de herederos forzosos, tanto ascendientes como descendientes, declaraba: "Que ha vivido maritalmente, desde hace muchos años, con María Feliciano Pérez, quien le ha atendido y ayudado como una noble esposa y compañera y le ha ayudado a adquirir los pocos bienes de fortuna que en la actualidad tiene;" (y): "Que igualmente ha criado una hija que se llama Lydia Alicea Rodríguez, a quien tiene gran cariño y afecto, como si fuere su verdadera hija;" (y) "Que instituye por sus únicos y universales herederos a su compañera María Feliciano Pérez y a su dicha hija de crianza Lydia Alicea Rodríguez, para que en partes iguales entre las dos hereden todo lo que posea el testador a la fecha de su muerte y lo disfruten con la bendición de Dios y del testador;" (y) "Como los herederos declarados son mayores de edad, el testador no hace ningun nombramiento de albaceas ni ejecutores, sino que simplemente, a la muerte del testador, dichas dos herederas se incautarán de lo que posea el testador y lo disfrutarán como sus herederas universales."

La heredera instituida doña María Feliciano Pérez, falleció antes que el testador, pero dejando una hija, Adela Feliciano, también conocida por Adela Rodríguez, aquí recurrente, quien fue declarada heredera de doña María Feliciano Pérez por resolución de 17 de enero de 1961 del Tribunal Superior

de Puerto Rico, Sala de Mayagüez. Al morir el testador, y en un incidente de administración judicial, estando presentes las dos partes interesadas y con la aprobación de la heredera Lydia Alicea Rodríguez, la ilustrada Sala de Mayagüez llegó a la conclusión, que habiendo el testador declarado no tener ascendientes ni descendientes y que había vivido maritalmente con María Feliciano Pérez, quien le había atendido *y ayudado como una noble esposa y compañera a adquirir los pocos bienes de fortuna que posea,* que dicha Adela Rodríguez como heredera de su referida madre, tiene derecho a la mitad de los bienes hereditarios dejados por el testador. Lo que en realidad de derecho resolvió el Tribunal es que la recurrente Adela Rodríguez, en representación de su madre, tiene derecho a la mitad de los bienes por ser dicha mitad lo que le correspondería a la madre en la sociedad concubinaria no liquidada, habiendo reconocido el propio testador que con la ayuda de su concubina había adquirido "los pocos bienes de fortuna que poseía": *Torres* v. *Roldán,* 67 D.P.R. 367 (Snyder) (1947), cita precisa a la pág. 369; *Danz* v. *Suau,* 82 D.P.R. 609 (Belaval) (1961), cita precisa a las págs. 617–619; *Vélez* v. *Franqui,* 82 D.P.R. 762 (Belaval) (1961), cita precisa a la pág. 776.

La razón que tuvo el señor Registrador de la Propiedad para denegar la inscripción de la finca a nombre de las recurrentes es insostenible. Basándose en el Art. 695 del Código Civil de Puerto Rico, aisladamente considerado, determinó, contrario a lo resuelto por la ilustrada Sala de Mayagüez, ante una situación de hechos distinta, como es la concurrencia de dos derechos hereditarios aunque originados en el mismo documento, diversos entre sí, que el heredero voluntario que muera antes del testador no transmite derecho alguno a sus herederos y habiendo muerto la instituida María Feliciano Pérez antes que el testador, no era inscribible el interés de su hija en la propiedad y habiéndose pagado la contribución de

herencia en un solo recibo a nombre de ambas, tampoco era inscribible el interés de la hija de crianza del testador la recurrente Lydia Alicea Rodríguez. La propiedad resulta inscribible en cuanto a la recurrente Lydia Alicea Rodríguez en virtud del testamento otorgado por don Angel Vázquez Alicea y en cuanto a la recurrente Adela Feliciano, también conocida por Adela Rodríguez, en virtud de las resoluciones dictadas el 17 de enero de 1961 y el 20 de febrero de 1961 por el Tribunal Superior de Puerto Rico, Sala de Mayagüez, esta última relacionada con el mismo testamento pero con distinta causa jurídica. Después del estado de derecho creado por esas resoluciones, el señor Registrador de la Propiedad, al momento de calificar los documentos presentados, no tenía facultad para dejar sin efecto las determinaciones de hecho y de derecho de la ilustrada Sala sentenciadora: *Suárez* v. *Registrador*, 35 D.P.R. 740 (Aldrey) (1926), cita precisa a la pág. 744; *Wilcox* v. *Registrador*, 67 D.P.R. 475 (Snyder) (1947), cita precisa a las págs. 483–484; *Rosado* v. *Registrador*, 71 D.P.R. 553 (Negrón Fernández) (1950), cita precisa a la pág. 556.

En cuanto al recibo de contribución sobre herencia, de arrojar el mismo el balance correcto de lo que le correspondería pagar a cada causahabiente en virtud de los bienes dejados por don Angel Vázquez Alicea, tal vez resulte suficiente para la inscripción solicitada. De no ser así, tendrá que obtenerse un nuevo recibo modificado.

*Se revoca la nota de denegación de 27 de abril de 1962. Los interesados deberán retirar los documentos presentados, y a los fines de que la inscripción de los respectivos derechos se practiquen de acuerdo con nuestra opinión, presentarlos nuevamente para su inscripción.*