JUAN IRIZARRY CORDERO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

*Número:* G-63-13          *Resuelto:* 10 de enero de 1964

---

*José Sabater,* abogado del recurrente. El Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Don Ángel Vázquez Alicea otorgó testamento abierto en Mayagüez el día 11 de septiembre de 1958 ante el notario Emilio Forestier Gregory, instituyendo como sus únicos herederos a su concubina María Feliciano Pérez y a su hija de crianza Lydia Alicea Rodríguez, por partes iguales. Le premurió la heredera María Feliciano Rodríguez, quien a su vez dejó como única heredera a su hija, Adela Rodríguez.

El testador falleció en 21 de noviembre de 1960. En un incidente dentro de un procedimiento de Administración Judicial, la Sala de Mayagüez del Tribunal Superior resolvió que Adela Rodríguez, como única heredera de su madre María Feliciano Pérez tenía derecho a la mitad de los bienes dejados por el testador señor Vázquez Alicea, en concepto de la participación que correspondía a dicha María Feliciano Pérez en la sociedad que tenía con su concubino, el testador.

Lydia Alicea Rodríguez y Adela Rodríguez solicitaron la

inscripción a su nombre de una finca dejada por el testador pero el Registrador de la Propiedad de Mayagüez denegó la inscripción solicitada en cuanto a ambas peticionarias. En un Recurso Gubernativo revocamos la nota del Registrador y ordenamos a las interesadas que presentaran nuevamente los documentos para su inscripción. *Rodríguez* v. *Registrador*, 88 D.P.R. 558 (1963).

Dentro del ya indicado procedimiento de administración judicial titulado: Testamentaría de Ángel Vázquez Alicea, Ex Parte, Civil Número CS 60-228, el Administrador Judicial de la Sucesión, presentó una solicitud al tribunal para vender en pública subasta una finca de la referida sucesión, [1] recayendo la siguiente

### "RESOLUCIÓN

"El Administrador Judicial ha solicitado permiso para vender en pública subasta una finca rústica propiedad de la Sucesión, cuya finca se describe en la alegación séptima de la moción. El Lic. Eudaldo Báez García, abogado de la heredera Adela Rodríguez, ha expresado su conformidad a dicha solicitud. Toda vez que dicha finca está gravada hipotecariamente a Don Juan Mari Ramos y que la venta es beneficiosa para todas las partes, el Tribunal dispone:

1—Se concede autorización al Administrador Judicial para vender en pública subasta, el Condominio que pertenece a la menor por el precio mínimo de $1,650.00, o sea, la mitad del precio de toda la finca.

2—Una vez pagada la deuda hipotecaria al acreedor el producto de la venta de este Condominio se depositará en la Secretaría de esta Sala.

3—El señor Secretario librará el oportuno mandamiento para el cumplimiento de lo aquí ordenado, con las inserciones necesarias, al aguacil de este Tribunal."

---

[1] Aparentemente se trata de la misma finca envuelta en el caso de *Rodríguez* v. *Registrador*, supra, pues según los documentos obrante en autos solamente aparece una finca en los bienes dejados por el testador señor Vázquez Alicea.

Celebrada la subasta se adjudicó la buena pro, por el precio mínimo señalado por el Tribunal, al postor Juan Irizarry Cordero, otorgándole el Alguacil la correspondiente escritura de venta judicial. Presentada dicha escritura al Registro de la Propiedad de Mayagüez, el señor Registrador denegó la inscripción de la finca a nombre del comprador, mediante la siguiente nota:

"Se devuelve el documento y se suspende la inscripción del mismo porque:—1—No se acompaña la resolución judicial autorizando la venta del condominio de la menor Lydia Alicea Rodríguez, siendo insuficiente a tales fines la unida al documento por cuanto en ella no se expresa el nombre de la persona dueña del condominio objeto de la venta. 2—El Tribunal y el marshal no pueden traspasar derecho, título o interés alguno perteneciente a uno que no ha sido notificado u oído en el procedimiento, según lo resuelto en los casos de Suárez v. Reg. 37 D.P.R.-420; García v. Reg. 41 D.P.R. 666, Cancel v. Reg. 28 D.P.R.-916 y Crehore v. Reg. 22 D.P.R.-641. 3—Un Administrador Judicial carece de facultades para vender bienes sin la intervención de todos los herederos según lo resuelto en el caso de Criado v. Martínez 25 D.P.R. 335 y 4—Estando el condominio inscrito a nombre de la heredera Lydia Alicea Rodríguez y no del causante Angel Vázquez Alicea, el mismo no se puede traspasar sin el consentimiento expreso de dicha titular y herederos, según lo resuelto en los casos de Mercado v. Reg. 68–139 y Puffer v. Reg. 61 D.P.R.-40; extendiéndose en su lugar nota de suspensión por 60 días al margen del asiento de presentación número 97, folio 49 del Diario 252. Mayagüez a 18 de octubre de 1963."

El legislador se ha cuidado de establecer medidas adecuadas para proteger los intereses de los menores de edad. Además de haber concedido a los tribunales el poder de *parens patriae* para lograr ése y otros fines, específicamente ha adoptado preceptos legales que regulan la venta, disposición o gravamen de los bienes de los menores de edad. Así a los padres se les prohibe enajenar o gravar los inmuebles pertenecientes a sus hijos menores o muebles cuyo valor exceda de $500.00, sin la previa autorización judicial y previa compro-

bación de la necesidad y utilidad de la enajenación o gravamen. Art. 159 del Código Civil (31 L.P.R.A. sec. 616). Este precepto restringe con rigor y en cuanto a la disposición de los bienes de los hijos, el ejercicio de la patria potestad.

Las restricciones que la ley impone a los tutores respecto a los bienes de sus pupilos menores de edad son aun más severas, encontrándose entre ellas, desde luego, la prohibición de enajenar o gravar bienes inmuebles o muebles cuyo valor exceda de doscientos dólares, sin la previa autorización judicial y previa comprobación de los motivos de necesidad y utilidad. Arts. 212 y 214 del Código Civil (31 L.P.R.A. secs. 786 y 788).

Ni aun los albaceas testamentarios a quienes se les haya conferido la facultad extraordinaria para enajenar o adjudicar bienes en pago de deudas, pueden válidamente realizar tales actos si hay herederos forzosos menores de edad, sin la intervención de los tribunales y mediante el procedimiento que señala la ley para la venta de bienes de menores. *Sucn. Criado* v. *Martínez, et al.*, 25 D.P.R. 334 (1917). (²)

■ Como regla general, el administrador judicial no tiene facultad para vender los bienes inventariados. Sin embargo, conforme dispone el Art. 579 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2439) (³) la corte, "a propuesta del administrador y previa notificación y audiencia de los here-

---

(²) Véase sin embargo, el caso de *Vilella* v. *Registrador*, 36 D.P.R. 795 (1927), donde resolvimos que conferida a un albacea facultades extraordinarias, incluyendo la de vender inmuebles, no era necesaria la autorización judicial para vender inmuebles si los herederos, aunque fueran menores de edad, eran herederos voluntarios. Si debemos o no reexaminar esta doctrina quedará para otra ocasión pues en el presente recurso no se trata de una venta realizada por un albacea testamentario.

(³) El Art. 579 del Código de Enjuiciamiento Civil dispone:

"El administrador no venderá los bienes inventariados, excepción hecha de los que puedan deteriorarse, de aquellos cuya conservación sea difícil y costosa, de los frutos para cuya enajenación se presenten circunstancias ventajosas, y de los demás bienes cuya enajenación sea necesaria para el pago de deudas del finado o cubrir atenciones de la administración. La corte, a propuesta del administrador y previa notificación y audiencia

752

deros reconocidos, podrá decretar la venta de cualesquiera de dichos bienes en pública subasta, y previo avalúo por peritos". Este artículo no distingue entre los herederos mayores o menores de edad sino que se refiere a los herederos reconocidos. Leído aisladamente parecería indicar que el tribunal puede ordenar la venta de los bienes inventariados aunque los herederos reconocidos o algunos de ellos sean menores de edad, siempre que se les notifique previamente y se les dé audiencia sobre la propuesta de venta hecha por el administrador. Sin embargo, la venta de los bienes de menores, formen o no aquéllos parte de un caudal hereditario, [4] se rige por los Arts. 614 al 616 del propio Código de Enjuiciamiento Civil (32 L.P.R.A. secs. 2721 a 2723); bien la solicitud para la venta provenga del padre, tutor, albacea de herederos forzosos, o de un administrador judicial. Véanse, *Capó* v. *Luce & Co.*, 70 D.P.R. 866 (1950); *Wilcox* v. *Registrador*, 67 D.P.R. 475 (1947); *Avilés* v. *Reg.*, 17 D.P.R. 960 (1911); *Lebrón* v. *Reg.*, 63 D.P.R. 359 (1944); *Rivera* v. *Reg.*, 60 D.P.R. 739 (1942).

De conformidad con los citados artículos, es requisito indispensable para la autorización judicial de la venta de bienes inmuebles pertenecientes a un menor de edad, que se alegue y se pruebe en la audiencia correspondiente y con la intervención del fiscal, la necesidad y utilidad para el menor de la venta solicitada. Cf. *Lokpez* v. *Fernández*, 61 D.P.R. 522 (1943).

Es cierto que en este caso se presentó al Registro una resolución del Tribunal Superior autorizando al Administra-

---

de los herederos reconocidos, podrá decretar la venta de cualesquiera de dichos bienes en pública subasta, y previo avalúo por peritos. Las subastas se verificarán con las mismas solemnidades y en los propios términos establecidos para las de los arrendamientos." (32 L.P.R.A. 2439.)

(4) La adjudicación de bienes hereditarios en pago de deudas cuando hay interesados menores de edad, se rige por el Art. 605 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2626).

dor Judicial a vender el condominio de la menor Lydia Alicea Rodríguez, considerada por el Registrador como insuficiente por los motivos que expuso en su nota, (⁵) pero de esa resolución no se desprende que se haya cumplido con la Ley de Procedimientos Legales Especiales. No surge de ella que el Tribunal Superior celebrara una audiencia para comprobar la necesidad y utilidad para dicha menor de la venta del inmueble. Tampoco surge que el Fiscal interviniera en forma alguna en el procedimiento. Y esto es un requisito necesario para el ejercicio del poder del tribunal. *Lokpez* v. *Fernández*, supra. El único motivo que tuvo el Tribunal para ordenar la venta fue que la finca estaba hipotecada. Con la debida justificación ése puede ser un motivo suficiente en algunos casos pero por sí solo y sin más, sería insuficiente. (⁶) Resulta obvio que el Tribunal Superior actuó sin jurisdicción al autorizar la venta del condominio de la menor sin la previa comprobación de la necesidad y utilidad, sin la intervención del Fiscal, y sin la notificación y audiencia de dicha heredera, (⁷) y ello hace innecesario discutir separadamente los motivos consignados por el Registrador en su nota denegando la inscripción de la escritura de la venta judicial.

*Se confirmará la nota recurrida.*

———

(⁵) Aunque el Registrador haya fundado la insuficiencia de dicha resolución en otros motivos, debemos considerar su suficiencia a la luz de la ley por tratarse de un caso en que están envueltos los intereses de una menor de edad. Véanse, *Valentín* v. *Registrador,* 61 D.P.R. 218 (1942) y *Grillo* v. *Registrador,* 62 D.P.R. 679 (1943).

(⁶) Por ejemplo, en el caso de *Lókpez* v. *Sotelo,* 70 D.P.R. 501 (1949), se justificó con prueba, la necesidad y utilidad para la menor de la venta de un inmueble que estaba hipotecado.

(⁷) El padre de la menor tampoco fue notificado de la propuesta del administrador.