Luz María Vélez Román y su esposo Miguel del Carmen Rodríguez Franqui, demandantes y recurridos, *v.* Ángel, Francisco, Celia y Virginia Franqui, demandados y recurrentes.

Número 12112.

*Sometido:* 29 de abril de 1960. *Resuelto:* 31 de mayo de 1961.

*Ramón Ferrer Delgado,* abogado de los recurrentes; *E. Martínez Rivera* y *Edelmiro Martínez, Jr.,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La señora Luz María Vélez Román, casada con Miguel del Carmen Rodríguez Franqui, conocido por Carmelo Rodríguez Franqui, y nacida el 17 de julio de 1912, era hija natural de Juan Bautista Vélez Arce y Tomasa Román, viviendo desde su nacimiento y en compañía de sus padres naturales, en una finca propiedad de Juan Bautista Vélez Arce. Parece que después de casarse con Carmelo Rodríguez Franqui el 26 de diciembre de 1935, continuó viviendo con sus padres naturales y su esposo en la misma finca.

El padre natural Juan Bautista Vélez Arce era hijo *reconocido* (natural) de Rufino Vélez y Julia Arce, nacido el 24 de junio de 1875, según el certificado de bautismo o hijo *legítimo* de Rufino Vélez y Julia Arce, nacido en el 1872, según el certificado de defunción. Juan Bautista Vélez Arce murió el 17 de agosto de 1943, y después de la muerte del padre natural, su hija continuó en posesión de la finca de su padre, como presunta dueña de la propiedad por ser la única heredera de Juan Bautista Vélez Arce.

El día 9 de abril de *1954*, cierto informante nombrado Antonio González Morales, acudió ante la Registradora Demográfica de Camuy a inscribir el nacimiento de Rosario Franqui Arce, hija de Ramón Franqui y Julia Arce, nacida el 6 de enero de *1889*. Rosario Franqui Arce murió el 20 de noviembre de 1930. Como se ve, el nacimiento de Rosario Franqui Arce se inscribe sesenta y cinco años después de haber ocurrido y veinticuatro años después de su muerte.

Es de notarse que en la declaración prestada por el informante para inscribir dicho nacimiento no se incluyeron los datos sobre los abuelos de Rosario Franqui Arce contrario a lo que demuestra el acta de bautismo de Juan Bautista Vélez Arce en la cual consta que los abuelos paternos del niño bautizado eran Juan Vélez y Concepción Gerena y la abuela materna era Juana de Arce. Lo mismo ocurre con las actas

de defunción presentadas por las partes. Habiéndose traído una certificación abreviada y no una certificación literal extensa del acta de defunción de Rosario Franqui Arce no se describe su ascendencia, contrario a lo que demuestra el acta de defunción de Juan Bautista Vélez Arce. Es de notarse también que en el acta de nacimiento de Rosario Franqui Arce no se especifica si ella era hija legítima, natural reconocida o ilegítima de Julia Arce.

Después de haber conseguido la inscripción del nacimiento de Rosario Franqui Arce, los hijos de ésta nombrados Angel, Francisco, Celia y Virginia Franqui, aquí demandados y recurrentes, acudieron al Tribunal Superior de Puerto Rico, Sala de Arecibo, en el mes de mayo de 1954, solicitando ser declarados herederos de Juan Bautista Vélez Arce por ser sobrinos carnales de dicho Juan Bautista Vélez Arce. Según alega la hija natural, Luz María Vélez Román, dicha solicitud no se le notificó personalmente a ella, a pesar de tener conocimiento los peticionarios que ella era hija natural de Juan Bautista Vélez Arce, aunque se procedió a publicar un edicto dirigido a los presuntos herederos de Juan Bautista Vélez Arce.

Después de obtener la correspondiente declaración de herederos, los demandados recurrentes instaron el día 5 de agosto de 1954, ante la misma Sala de Arecibo, una acción de desahucio en precario contra Carmelo Rodríguez Franqui —esposo de Luz María Vélez Román, según hemos visto— alegando que los desahuciantes son los únicos y absolutos dueños de la casa y finca objeto del procedimiento por haberla adquirido por herencia de don Juan Bautista Vélez Arce; que al fallecimiento de don Juan Bautista Vélez Arce (1943) los desahuciantes le permitieron al apremiado que ocupara y viviera con su esposa la casa descrita sin pagar por ello canon o merced alguna hasta tanto los desahuciantes la necesitaran; que los desahuciantes requirieron recientemente al apremiado para que desalojara la casa, dejándola a la libre

disposición de los desahuciantes a lo que se ha negado ocupándola contra la expresa voluntad y sin el consentimiento de los desahuciantes.

Por su parte, la demandante recurrida Luz María Vélez Román, asistida de su esposo Miguel del Carmen Rodríguez Franqui, el día 1ro. de noviembre de 1954, instó ante la misma Sala de Arecibo una acción de nulidad de acta de nacimiento, nulidad de la declaración de herederos, filiación y declaración de otros derechos, alegando ser la única y universal heredera de su padre Juan Bautista Vélez Arce; haber nacido el 17 de julio de 1912, en el municipio de Camuy siendo hija de Juan Bautista Vélez Arce y Tomasa Román, aunque en el acta de nacimiento figura como hija natural reconocida de Tomasa Román y no como hija de su referido padre Juan Bautista Vélez Arce y la demandante no se ocupó de gestionar su reconocimiento como hija natural porque siempre estuvo en la creencia que ella estaba reconocida como hija natural de su antes nombrado padre, ya que desde su nacimiento había vivido con su padre mientras éste vivía también con la madre de la demandante y públicamente su padre la trataba como hija natural suya, firmando como tal padre documentos oficiales que la acreditaban como hija y permitiéndola usar su apellido paterno; que los demandados Angel, Francisco, Celia y Virginia se hicieron reconocer como sobrinos carnales de Juan Bautista Vélez Arce, alegando que la madre de ellos era hija de Julia Arce, madre a su vez de Juan Bautista Vélez Arce; que la referida Rosario Franqui no era hija de Julia Arce, y de serlo, no podía ser reconocida como tal por cuanto su nacimiento no fue inscrito hasta el 9 de abril de 1954, o sea, muchos años después de haber fallecido su supuesta madre (Julia Arce) y de haber fallecido su supuesto hermano (Juan Bautista Vélez Arce) resultando por tanto, el acta de nacimiento de Rosario Franqui fraudulento; que valiéndose del acta de nacimiento hecha en la forma expresada, los demandados se hicieron declarar únicos herederos de Juan Bau-

tista Vélez Arce, como sobrinos de éste, en una declaratoria de herederos que no le fue notificada a la demandante y tampoco se le hizo parte en dicho procedimiento, a pesar de que dichos demandados sabían y saben que la demandante es hija de Juan Bautista Vélez Arce; que valiéndose de dicha declaratoria de herederos los demandados presentaron una demanda de desahucio contra el co-demandante Carmelo Rodríguez Franqui, esposo de la demandante, sin notificar a la demandante ni hacerla parte en el procedimiento.

En virtud de estas alegaciones, se solicitó: (1) la declaración que Rosario Franqui no es ni era hija de Julia Arce, y de serlo, no podrá aparecer como hija natural reconocida de dicha supuesta madre, ya que el acta de nacimiento se inscribió el 9 de abril de 1954 y es nula y sin valor y debe ordenarse su cancelación en el Registro Demográfico; (2) la declaración que Rosario Franqui no era hermana de Juan Bautista Vélez Arce, y de serlo, no podía aparecer como tal hermana por no haberse inscrito oportunamente el nacimiento de dicha señora; (3) la declaración que los demandados Angel, Francisco, Celia y Virginia Franqui no son sobrinos de Juan Bautista Vélez, y de serlo, no deben aparecer como tales, y por lo tanto, no pueden ser declarados herederos de Juan Bautista Vélez Arce; (4) la declaración que Luz María Vélez Román es hija natural reconocida de Juan Bautista Vélez Arce; (5) la declaración que la finca, objeto del procedimiento, pertenece a la demandante Luz María Vélez Román.

Contestaron los demandados negando general y específicamente los hechos alegados en la demanda y entre las defensas afirmativas especiales alegaron: "2—Que la pretendida causa de acción de filiación está prescrita. Fúndase esta alegación en que habiendo nacido la demandante Luz María Román el 17 de julio de 1912, a la fecha de la interposición de la demanda, tenía una edad de 42 años, habiendo transcurrido a la fecha de la interposición de la demanda más de

19 años desde que pudo haber ejercitado su acción" y "3—Que estando prescrita la supuesta causa de filiación están los demandantes impedidos de atacar la inscripción de nacimiento de Rosario Franqui Arce, así como la declaratoria de herederos del causante de los demandados, Juan Bautista Vélez Arce, toda vez que dichos demandantes carecen de capacidad legal (standing) para atacar la inscripción de nacimiento y declaratoria de herederos antes dichos, por ser ellos personas extrañas al caso."

Antes de resolverse las cuestiones planteadas los demandantes presentaron una demanda complementaria en la cual exponen: "Que luego de presentada la demanda original en el presente caso, la cual se hace formar parte de esta alegación los demandantes encontraron documentos del padre de dicha demandante·que constituyen escritos indubitados en que expresamente dicho causante reconoce su paternidad sobre la demandante Luz María Vélez Román, de cuyos documentos los demandantes no tuvieron noticias hasta hace unos quince días, los que se describen así: tres tarjetas de las escuelas donde estudiaba dicha demandante expedidas una en junio 2, 1923, otra en junio 19, 1925 y la otra en 24 de junio de 1927, la primera firmada por G. Quiñones, Principal de la Escuela J. J. Acosta de la municipalidad de Camuy; la segunda por la señora S. Sepúlveda como *Acting Principal* de dicha escuela y la última por la Sra. Saldoina Domenech, *Acting Principal* de dicha escuela; cuyas tres tarjetas aparecen todas firmadas por Juan Bautista Vélez Arce, como padre de dicha demandante y las cuales se hacen formar parte de esta alegación para que puedan ser inspeccionadas por los demandados en el presente pleito según orden de este Tribunal."

Contestaron los demandados esta nueva alegación negando general y específicamente los hechos y volvieron a reproducir la defensa de prescripción. Posteriormente, los demandados solicitaron, de acuerdo con la regla 42 (*b*) de las de Enjui-

ciamiento Civil de Puerto Rico, juicio por separado para dilucidar la defensa de prescripción relacionada con la filiación de la demandante Luz María Vélez Román.

El 5 de agosto de 1955, después de recibir la prueba y de escuchar las argumentaciones de rigor, la ilustrada Sala sentenciadora, dictó una resolución declarando con lugar la defensa de prescripción. Como cuestión de hecho concluyó: "que la demandante cursó estudios elementales en el pueblo de Camuy, durante los años 1923, 1925 y 1927; que las tarjetas de escuela de la demandante que correspondían a los grados primero, tercero y quinto de los años mencionados de 1923, 1925 y 1927 aparecen firmadas por Juan Bautista Vélez Arce en un encasillado que tiene impreso lo siguiente: 'Firma del Padre o Encargado'; quedó establecido además que las referidas tarjetas se las entregaban en la escuela a la demandante y ella las llevaba a su casa y obtenía la firma de Juan Bautista Vélez Arce; que la demandante tenía conocimiento de dichos documentos desde la fecha que aparecen en dichas tarjetas al firmarlas el Sr. Vélez Arce, pero no las había encontrado."

Como cuestión de derecho, concluyó: que las acciones de filiación se rigen por la ley vigente a la fecha del nacimiento del hijo; que habiendo nacido la demandante Luz María Vélez Román el 17 de julio de 1912, la ley aplicable era el art. 126 del Código Civil de Puerto Rico, según enmendado por la Ley número 73 de 9 de marzo de 1911, que dispone: "Las acciones para el reconocimiento de hijos naturales, sólo podrán ejercitarse en vida de los presuntos padres, o un año después de su muerte, salvo en los casos siguientes: 1—Si el padre o la madre hubiesen fallecido durante la menor edad del hijo, en cuyo caso éste podrá deducir la acción antes de que transcurran los primeros cuatro años de su mayor edad. 2—Si después de la muerte del padre o de la madre apareciere algún documento de que antes no se hubiese tenido noticia, en el que reconozca expresamente al hijo. En este

caso la acción deberá deducirse dentro de los seis meses siguientes al hallazgo del documento"; que habiendo fallecido el padre el 17 de agosto de 1943, la demandante tenía más de 31 años a la fecha del fallecimiento por lo que sólo tenía un año para ejercitar su acción después de su muerte y habiéndose radicado la acción el 1ro. de noviembre de 1954 el derecho a ejercitar tal acción estaba prescrito; que en cuanto a la demanda complementaria, la demandante tenía conocimiento de la existencia de los mismos antes de la muerte de Juan Bautista Vélez Arce—de las conclusiones de hecho lo que aparece es que la demandante tenía conocimiento de dichos documentos pero no los había encontrado—por lo que tampoco prosperaría su acción de acuerdo con el inciso 2 del art. 126; que asumiendo que la demandante no hubiera tenido conocimiento de dichos documentos, los mismos no constituyen los documentos auténticos y fehacientes a que se refiere la jurisprudencia.

El 9 de agosto de 1955 el Secretario de la Sala de Arecibo notificó la resolución de la defensa de prescripción pero en el formulario oficial que se emplea en la notificación de sentencias y el día 19 de agosto del mismo año los demandantes radicaron una moción solicitando se dictara sentencia en la forma usual. El día 6 de septiembre de 1955 la Sala de Arecibo por los fundamentos expuestos en su resolución de 5 de agosto de 1955, dictó sentencia declarando con lugar la defensa de prescripción y desestimando la demanda. Dicha sentencia le fue notificada a las partes el 8 de septiembre de 1955.

El día 27 de septiembre de 1955, la demandante, representada por otro letrado, radicó una moción de reconsideración y súplica especial de dejar sin efecto la sentencia, alegando: (1) que la demanda en este caso no puede considerarse ni interpretarse propiamente como una acción de filiación; 2...; (3) porque aunque se estime y pueda decirse que en la demanda se ejercita una acción de filiación,

hay que concluir también que se ejercitan otras acciones que no quedan resueltas por la defensa de prescripción, tales como la nulidad del acta de nacimiento, la nulidad de la declaratoria de herederos y la declaración relacionada con el dominio de la finca, cuya posesión y título reclama la demandante. Los demandados recurrentes se opusieron a la reconsideración y a la solicitud de dejar sin efecto la sentencia, alegando principalmente, que al declararse prescrita la acción de filiación, la demandante Luz María Vélez carece de personalidad legal para obtener los otros pronunciamientos solicitados.

El día 1ro. de noviembre de 1955 se vio la vista de las mociones antes reseñadas, con asistencia de ambos abogados y presentación de prueba, concluyendo la Sala que la prueba admitida demuestra que el nacimiento de Rosario Franqui fue inscrito el 9 de abril de 1954, habiendo fallecido dicha Rosario Franqui el 20 de noviembre de 1930 y su alegado hermano Juan Bautista Vélez Arce el 17 de agosto de 1943, y resolviendo: "El Tribunal en vista de que se ha impugnado como fraudulenta la declaratoria de herederos de Juan Bautista Vélez y los demandados también impugnan el derecho que como herederos alegan los demandantes, de resolverse en su día, si es que así se resolviera, que la declaratoria de herederos es fraudulenta, oportunidad que deben tener las partes para presentar la prueba, entonces los demandados no tendrían facultad para impugnar el derecho de la demandante, por lo cual, el Tribunal, para hacer justicia sustancial entre las partes, resuelve declarar, como por la presente declara con lugar la moción de reconsideración y deja sin efecto la resolución del día 5 de agosto de 1955 sobre prescripción, así como la sentencia del 6 de septiembre de 1955."

En apelación ante nos los demandados recurrentes, señalan los siguientes errores: (1) la Sala sentenciadora actuó sin jurisdicción al entender (*entertain*) en la Moción de Reconsideración y al reconsiderar su sentencia; (2) La Sala sen-

tenciadora erró al desestimar la defensa de prescripción de la causa de acción de filiación; (3) La Sala sentenciadora cometió error al resolver que Luz María Román con su acción de filiación prescrita tiene capacidad legal (*standing*) para impugnar el acta de nacimiento de la madre de los demandados y la declaratoria de herederos del causante de los demandados; (4) La Sala sentenciadora cometió error al resolver que la demanda y la demanda complementaria en este caso aducen hechos suficientes que determinan una causa de acción a favor de los demandantes y en contra de los demandados.

1. Como se recordará, el día 30 de diciembre de 1954, los demandados recurrentes solicitaron de la ilustrada Sala sentenciadora que señalara para discusión y juicio separado de acuerdo con la regla 42(*b*) de las Reglas de Enjuiciamiento Civil de Puerto Rico de 1943 (regla 38.2 de 1958) la posible prescripción de la acción de filiación según el art. 126 de nuestro Código Civil. Después de celebrado el juicio por separado, el día 5 de agosto de 1955, la Sala sentenciadora dictó una resolución declarando con lugar la defensa de prescripción y en su consecuencia desestimando la demanda, cuya resolución le fue notificada a las partes el día 9 de agosto de 1955. El día 19 de agosto, o sea dentro de término para solicitar la reconsideración o para apelar de dicha sentencia, los demandantes solicitan se dicte sentencia en los mismos términos en que estaba concebida la resolución y la Sala sentenciadora el día 6 de septiembre de 1955, dicta sentencia reafirmando su resolución de 5 de agosto de 1955 y condenando además a la parte demandante al pago de las costas más la suma de $200 para honorarios de abogado de la parte demandada.

Es posible que esto fuera innecesario pero no resulta ilegal. En la primera resolución, siguiendo la regla de la mejor práctica, no se hizo claro que por tratarse de una defensa que disponía de la totalidad de las cuestiones litigiosas, todas

ellas quedaban resueltas por la misma resolución. Además el hecho de no imponer costas y honorarios hacía dicha sentencia defectuosa y de la nueva solicitud se aprovechó la Sala para reformar su anterior resolución. Dicha sentencia le fue notificada a las partes el día 8 de septiembre de 1955, y la moción para que se reconsiderara la sentencia, o en la alternativa, se dejara sin efecto la misma se presentó el 27 de septiembre 1927, cuando todavía dicha sentencia no era firme.

Es posible que esto no pudiera considerarse como una moción de reconsideración típica, por estar radicada fuera de término, pero siempre podría considerarse como una solicitud para dejar sin efecto una sentencia por considerar la Sala "que la negativa a tomar tal acción sea inconsistente con la justicia substancial (regla 61 de 1943; regla 50 de 1958). El propio lenguaje utilizado por la Sala nos demuestra que este fue el pensamiento que prevaleció en su conciencia: "de resolverse en su día, si es que así se resolviera, que la declaratoria de herederos es fraudulenta, oportunidad que deben tener las partes para presentar la prueba, entonces los demandados no tendrían facultad para impugnar el derecho de la demandante, por lo cual, el Tribunal, *para hacer justicia sustancial entre las partes*, resuelve declarar, como por la presente declara con lugar la moción de reconsideración y deja sin efecto la resolución del día 5 de agosto de 1955 sobre prescripción así como la sentencia del 6 de septiembre de 1955." (L. S. 34)

Este es un caso inusitado en el cual cualquier exceso de legalismo procesal podría dejar consagrada una injusticia irreparable, según veremos más adelante. Siendo esto así, no debe extrañarnos la acción tomada por la Sala sentenciadora en restituir el derecho de ambas partes a probar sus alegaciones.

■ 2—No es ahora el momento apropiado para determinar si la acción está prescrita. Puede tratarse de una

acción de filiación típica cuya prescripción esté regida por el art. 126 del Código Civil según este artículo haya podido quedar reformado por el inciso 1ro. del art. II de nuestra Constitución y la Ley número 17 de 20 de agosto de 1952 o de una acción de petición de herencia en poder de tercera persona: *Alonso* v. *Muñoz*, 76 D.P.R. 549 (Ortiz) (1954) cita precisa a la pág. 558 y Guaroa Velázquez—Sucesiones, pág. 71 (edición mimeografiada de 1947)—, en cuyo caso el término de prescripción sería distinto.

3—No hay duda que Luz María Román tiene capacidad para impugnar el acta de nacimiento de la madre de los demandados y la declaratoria de herederos del supuesto causante de los demandados. La inscripción en el Registro Demográfico de Puerto Rico no constituye de por sí una declaración incontrovertible de un hecho filiatorio. En *Ex parte Otero*, 77 D.P.R. 754 (Belaval) (1954) cita precisa a las págs. 761 et seq. razonamos esta declaración de la manera siguiente:

"Después del 1911 rige la primera Ley especial del Registro Civil, propiamente puertorriqueña, la Ley núm. 61 de 9 de marzo de 1911, cuyo art. 1, según enmendado por la Ley núm. 46 de 7 de marzo de 1912 (pág. 88), dispone: 'los actos concernientes al estado civil de las personas se harán constar en el registro destinado a ese efecto que se denominará Registro Civil.' El Código Civil de Puerto Rico del 1930, por otro lado, dispone en su art. 250, que 'las actas del registro serán la prueba del estado civil, la cual sólo podrá ser suplida por otras en el caso de que no hayan existido aquéllas o hubieren desaparecido los libros del registro o cuando ante los tribunales se suscite una contienda.'

"Pero cuando se adopta la Ley núm. 24 de 22 de abril de 1931, Ley Disponiendo lo Necesario para la Inscripción de Nacimientos, Casamientos y Defunciones y para otros fines, que se conocerá como Ley del Registro Demográfico de Puerto Rico, que deroga expresamente la Ley núm. 61 de 9 de marzo de 1911 'según ha sido subsiguientemente enmendada y toda ley o parte de ley, decreto o resolución que se oponga a la presente', se dispone en el art. 38: 'a petición de parte interesada, el Comisionado

de Sanidad o la persona autorizada por él, suministrará copia certificada de cualquier certificado de nacimiento, casamiento o defunción que se haya inscrito y registrado en el Registro General de acuerdo con las disposiciones de esta ley... La copia del récord de cualquier nacimiento, casamiento o defunción, después que sea certificada por el Comisionado de Sanidad o por la persona autorizada por él, constituirá evidencia prima facie ante todas las cortes de justicia de los hechos que consten en la misma...' Dicha disposición permanece inalterada a través de las enmiendas que sufre dicho art. 38, en virtud de la Ley núm. 25 de 17 de abril de 1936 ((1) pág. 213), de la Ley núm. 112 de 6 de mayo de 1941 ((1) pág. 793)., de la Ley núm. 99 de 12 de mayo de 1943 (pág. 267) y de la Ley núm. 188 de 2 de mayo de 1951 ((1) pág. 471).

"No hay duda, pues, que desde la aprobación de la Ley de Registro Demográfico de Puerto Rico, el certificado de nacimiento pierde su conclusividad como documento suficiente para probar el estado civil de una persona y, se convierte en un documento prima facie suficiente, lo cual significa que su suficiencia se reconoce hasta el momento mismo en que se establecen por otra clase de prueba los verdaderos hechos filiatorios. Basta pensar un momento para darnos cuenta que ésta es la más científica y a la par la más práctica, manera de disponer de los problemas de un registro público de estado civil. Como cuestión de hecho, el registro de nacimientos, se redacta, en virtud de información oral suplida por las partes interesadas, algunas veces personas distintas a los propios progenitores, y sería peligroso conceder carácter de conclusividad a un documento que se redacta en virtud de información oral de una sola parte. Como cuestión de realidad, lo importante para una sociedad política o para un orden jurídico, es tener un sistema fácil de inscripción tanto de nacimientos, matrimonios y defunciones como de los otros actos jurídicos que declaran el estado civil de una persona, para fines de censo, conscripción militar, inscripción electoral o servicios estadísticos.

"Desde el momento que el contenido del documento, sólo constituye evidencia prima facie del hecho del nacimiento y del estado civil del inscrito, es indudable que en virtud de la inscripción de un nacimiento no se declara ningún hecho filiatorio que sea irrevocable o valedero contra el interés público o contra el interés de terceras personas, y no tenemos por qué abrigar el temor que cualquiera inscripción, o cualquiera rectificación, corrección,

adición o enmienda de una inscripción anterior en el Registro Demográfico, equivalga a una sentencia declaratoria de filiación."

La declaración de herederos siempre se concede sin perjuicio de tercero de mejor derecho. De manera, pues, que ni el hecho de la inscripción en la forma inusitada en que se realizó, ni la declaración de herederos basada en dicha inscripción, queda libre de la impugnación que de ellas pueda hacer cualquier persona con algún interés en la propiedad. Es indudable que la posesión de la demandante en este caso es suficiente para establecer un interés adverso que debe ventilarse en la correspondiente acción plenaria.

■■ 4—Para ser consistentes con su propia posición en este caso, la acción que han debido establecer los demandados es la de petición de herencia, en la cual, después de establecer su propia condición de herederos en forma concluyente, se solicita la posesión de la propiedad en manos del tercero, y no una acción de desahucio en precario. Alegado como está el hecho del concubinato *more uxorio* entre Juan Bautista Vélez Arce y Tomasa Román, surge, en cuanto a dicha finca, la situación jurídica de una sociedad de hecho todavía no liquidada y cualquier interés que en dicha sociedad de hecho le correspondiera a Tomasa Román, pertenecería hoy a su hija Luz María Vélez Román aquí demandante: *Danz* v. *Suau* 82 D.P.R. 609 (Belaval) (1961), cita precisa a la pág. 618. Siendo esto así tampoco prevalecería el desahucio en precario por existir un conflicto de título.

En virtud de cierta distorsión del procedimiento lógico y justiciero en este caso, los demandados pretenden no dar cuenta de su título y conseguir un fallo favorable alegando exclusivamente la prescripción del derecho filiatorio de la demandante. Tal situación no debe ser favorecida por ningún Tribunal de justicia. No es este el momento oportuno de decidir si los documentos presentados junto a la demanda

complementaria son documentos fehacientes, en vista de la nueva interpretación que se ha visto obligado este Tribunal a iniciar en los casos sometidos con posterioridad a la adopción de nuestro nuevo estatuto constitucional, ya que la ilustrada Sala sentenciadora dejó sin efecto su resolución y su sentencia anteriores sobre el particular. Pero debe tenerse en cuenta por la Sala sentenciadora, cuando este caso se vea de nuevo ante ella, que no es posible seguir aplicando el rigor de la jurisprudencia española después de nuestra reforma constitucional.

Es indudable que la demandante tiene interés suficiente para oponerse a la pretensión casi unilateral de los demandados y posiblemente, después de examinado el caso en su fondo, resulte ser única heredera de las porciones de Juan Bautista Vélez Arce y de Tomasa Román.

*Por las razones expuestas se confirma la sentencia dictada.*

Los Jueces Asociados Sres. Pérez Pimentel y Serrano Geyls concurren con el resultado.