Luz María Vélez Román, peticionaria, *v.* Tribunal Superior de Puerto Rico, Sala de Arecibo, Hon. Juan Lorenzo Rodríguez, recurrido.

*Número:* C-64-76        *Resuelto:* 21 de enero de 1965

*E. Martínez Rivera,* abogado de la peticionaria; *B. Quiñones Elías,* y *S. Quiñones Elías,* abogados de los interventores.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La cuestión litigiosa aquí planteada es una consecuencia de nuestra decisión anterior en el caso de *Vélez Román* v. *Franqui,* 82 D.P.R. 762 (Belaval) (1961) cita precisa a las págs. 776–777. En virtud de las declaraciones de derecho contenidas en dicha decisión, la ilustrada Sala sentenciadora de Arecibo, por voz de su Honorable Juez Domingo Raffucci, a su vez declaró a Luz María Vélez Román, hija de Juan Bautista Vélez Arce, con todos los derechos inherentes a tal condición; declarándola asimismo única y universal heredera de su padre Juan Bautista Vélez Arce y como tal dueña de los bienes que componen su herencia, especialmente la finca a que se refiere la presente acción.

Según estipulación de las partes mientras se sustanciaba el pleito de nulidad de inscripción demográfica, nulidad de declaratoria de herederos, declaración de filiación natural y nulidad de inscripción registral, entre la demandante Luz María Vélez Román y los demandados Ángel, Francisco, Celia y Virginia Franqui, dichos demandados construyeron sobre la finca, objeto de este litigio, una casa, de la cual están todavía en posesión.

En virtud de una moción sobre ejecución de sentencia, la ilustrada Sala de Arecibo, por voz de su Honorable Juez Cándido Ceballos, le ordenó al Alguacil del Tribunal hacer entrega de la finca, objeto especial del procedimiento, "lanzando de la misma a los demandados o cualquier persona que a nombre suyo esté ocupándola total o parcialmente". Después de dictada dicha orden, los demandados, con fecha 29 de abril de 1964, solicitaron del Tribunal que se enmendara la orden respecto al lanzamiento de los demandados de la casa por ellos construida en la finca de la demandante Luz María Vélez Román, porque no había habido "determinación por Tribunal alguno, en relación a la casa en cuestión, esto es, si la casa fue construída de buena o mala fe y por ende, el derecho que tengan las partes sobre la misma". La ilustrada Sala sentenciadora de Arecibo por voz de su Honorable Juez recurrido, al declarar con lugar la solicitud dé los demandados, se expresó en los siguientes términos:

"Es innegable que los demandantes no tienen más derecho a la casa que poseen los demandados, que motiva esta resolución, que el que tenía su causante. Es innegable igualmente que si el causante de los demandantes hubiera querido echar fuera de su finca a los demandados, hubiera tenido que conseguir previamente una sentencia a su favor a tal respecto. Siendo en la forma y manera que se ha dicho anteriormente, procede que se enmiende la orden dictada por el Hon. Juez Cándido Ceballos, al solo efecto de que no se ejecute por el Alguacil de este Tribunal el lanzamiento de los demandados de la casa que ocupan y que ubica en la finca de los demandantes y a esos efectos así se ordena."

Con vista a una solicitud de *certiorari*, se le concedió a las partes diez días para mostrar causas por las cuales no debía revocarse la resolución del Honorable Juez recurrido dejando sin efecto el lanzamiento de los demandados de la casa por ellos construida mientras se litigaba el título de propiedad de la finca.

■ No es posible fundamentar una analogía, en sentido jurídico estricto, entre la situación de derecho del causante —posible consentimiento tácito para la edificación—y la situación de derecho del causahabiente—posible falta de título sobre el terreno en que se edifica—. Habiéndose construido la casa después de la muerte del causante y después de iniciada la contienda judicial sobre el título de la propiedad, según la propia estipulación de las partes, el posible derecho de los demandados a disfrutar de la casa edificada en el suelo ajeno envuelto en la contienda judicial, forma parte de la adjudicación de los derechos propietarios a favor de la demandante. Es obvio que los demandados lo que pretendieron fue crear una posesión ficticia para robustecer su pretención hereditaria.

■ No es posible tampoco, como pretende hacerlo el Juez recurrido, separar el derecho de propiedad de un posible derecho de posesión, en un caso como éste, en que cualquier acto de posesión resultaría fraudulento, por haber sido declaradas fraudulentas tanto la inscripción en el Registro Demográfico del nacimiento de Rosario Franqui, como la declaratoria de herederos basada en dicha inscripción y anulada la inscripción registral a favor de los demandados, supuesto todos en que pretendía fundarse el derecho de los demandados en la finca, objeto de este procedimiento. En nuestro ordenamiento civil, el fraude no genera derecho de clase alguna.

*Por las razones expuestas, se deja sin efecto la resolución dictada por el Honorable Juez recurrido de fecha 29 de septiembre de 1964, y se deja en todo su vigor y efecto la anterior orden dictada por el Tribunal Superior de Puerto Rico, Sala de Arecibo por voz de su Honorable Juez Cándido Ceballos de fecha 17 de marzo de 1964, ordenando el lanzamiento de los demandados, la entrega a la parte demandante de la finca objeto de este procedimiento, y como es de rigor en las diligencias de restitución en cualquier acción que tenga*

*el carácter de posesoria, se proceda a la demolición de la casa, propiedad de los demandados, si los demandados no procedieran a la remoción inmediata de dicha casa.*