ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| ROBERTO LUIS CAPELLA CASELLAS<br><br>Peticionario<br><br>EX PARTE<br><br><br>FRANCISCO CAPELLA ACEVEDO<br><br>Causante | KLAN202400887 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2024CV02876<br><br>Sala: 705<br><br>Sobre: Declaratoria de herederos |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 15 de octubre de 2024.

Comparece el señor Roberto Luis Capella Casellas, en adelante el señor Capella Casellas o el peticionario, quien solicita que revoquemos la *Resolución* emitida el 19 de agosto de 2024 y notificada el día 21 del mismo mes y año. Mediante la misma, el Tribunal de Primera Instancia, Sala de Caguas, en adelante TPI, desestimó la *Petición* de declaratoria de herederos.

Por impugnar una *Resolución*, acogemos el recurso como uno de *certiorari* sin cambiar su clave alfanumérica, y por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se confirma la resolución recurrida.

**-I-**

Surge del expediente que el señor Capella Casellas presentó una *Petición* sobre declaratoria de herederos. Alegó que "tiene conocimiento de que el

Número Identificador

SEN2024_____

causante… otorgó un testamento abierto ante la notaria Nydia Ivonne Espino Valcárcel, mediante la escritura #11 del 17 de noviembre de 2007".[1] Sin embargo, no ha podido conseguir ni la escritura original, ni la copia certificada del instrumento público. Por tal razón, solicitó al TPI que declare como únicos y universales herederos del causante a los señores Francisco, Roberto Luis y Manuel, todos de apellidos Capella Casellas.[2]

Así las cosas, el TPI desestimó la *Petición* de declaratoria de herederos. Ello porque, "[d]e la Certificación de la Oficina del Director de Inspección de Notarías surge claramente que el causante, Francisco Capella Acevedo, otorgó un testamento abierto ante la notaria Nydia Ivonne Espino Valcárcel, mediante la Escritura Número #11 del 17 de noviembre de 2007".[3]

Inconforme, el peticionario presentó una *Moción de Reconsideración a Resolución*. Arguyó, que la ausencia de la escritura de testamento abierto "despierta la presunción de destrucción de la Escritura Pública del Testamento Abierto por la persona obligada a custodiarla dando paso a una revocación real del mismo y, en consecuencia, una sucesión intestada".[4]

Por su parte, el TPI declaró "[n]o ha lugar a la moción de reconsideración".[5]

---

[1] Alegato del peticionario, págs. 8-41.
[2] *Id.*
[3] *Id.*, pág. 1.
[4] *Id.*, págs. 2-6.
[5] *Id.*, pág. 7.

Nuevamente insatisfecho, el señor Capella Casellas presentó un escrito de *Apelación* en el que alega que el TPI incurrió en el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN DESESTIMAR LA PETICIÓN DE DECLARATORIA DE HEREDEROS POR EL MERO HECHO DE QUE EL CAUSANTE OTORGÓ TESTAMENTO Y NO TOMAR EN CONSIDERACIÓN QUE NO APARECE EL ORIGINAL NI COPIA CERTIFICADA DEL REFERIDO TESTAMENTO.

Luego de evaluar el escrito del peticionario y los documentos que obran en autos estamos en posición de resolver.

**-II-**

Una declaratoria de herederos es el trámite establecido en ley para declarar quiénes son las personas con derecho a la herencia en la sucesión intestada.[6] Este es un procedimiento de jurisdicción voluntaria que está regulado por los artículos 552 y 553 del *Código de Enjuiciamiento Civil de Puerto Rico de 1933*.[7] Su fin ulterior se circunscribe a suplir la ausencia de una institución de herederos debidamente establecida por el causante mediante un testamento.[8] Como corolario de lo anterior, la declaratoria de herederos se constituye como una evidencia de titularidad cuando el finado muere sin haber otorgado testamento o, de haberlo otorgado, este resulta nulo o ineficaz en todo o en parte o no distribuye la totalidad del caudal.[9]

El Artículo 552, según enmendado, dispone en lo pertinente:

> En casos de sucesión intestada o de nulidad de un testamento, los que

---

[6] Art. 552 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 2301.
[7] 32 LPRA sec. 2301 y 2302.
[8] *Pueblo v. Flores Betancourt*, 124 DPR 867, 879 (1989). Véase, además, *In re García Cabrera*, 201 DPR 902, 927-928 (2019).
[9] 31 LPRA sec. 2591.

tengan algún interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal de Primera Instancia del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo se dicte el correspondiente auto de declaración de herederos.

(1) La solicitud declarará bajo juramento el fallecimiento de la persona de cuya sucesión se trate;

(2) que, según el leal saber y entender del peticionario, quien expondrá el origen de sus informes y los fundamentos en que se apoya para creerlo, falleció sin dejar testamento; que se han hecho las investigaciones y registros correspondientes, sin encontrarlo, o si hubiere dejado testamento, que éste ha sido declarado nulo, [y]

(3) los nombres y domicilios de las personas con derecho a la herencia o sucesión.

El juez a quien se hubiese presentado la solicitud examinará en el más breve término posible la prueba documental en que se apoya el peticionario y la certificación negativa del Registro de Testamentos en el Tribunal Supremo y, con el resultado de ella, dictará la resolución que proceda sin necesidad de celebrar vista; o discrecionalmente podrá requerir prueba adicional o señalar vista de estimarlo procedente. El auto se dictará sin perjuicio de tercero, a no ser que se trate de herederos forzosos.[10]

Así pues, cualquier persona con interés en la herencia podrá solicitar del tribunal que decrete quiénes son los herederos mediante la presentación de una solicitud escrita en la cual declare bajo juramento que el causante falleció intestado y las razones que tiene para concluirlo, o que existe un testamento ineficaz en todo o en parte, con la identificación de los nombres y domicilios de las personas con derecho a sucederle.[11] El tribunal debe declarar en el más breve término posible, quiénes son

---

[10] 32 LPRA sec. 2301.
[11] E. González Tejera, Derecho de Sucesiones, Tomo I, 2001, pág. 410.

los herederos, sin necesidad de vista pública, **cuando de los documentos que acompañan la solicitud se desprende claramente el derecho que se solicita.** El tribunal concederá la declaración de herederos sin perjuicio de tercero de mejor derecho.[12]

### -III-

En síntesis, el peticionario arguye que como no aparecen ni el original ni la copia certificada de la Escritura Pública Número Once (11), otorgada por el causante ante la notaria Nydia Ivonne Espino Valcárcel, procede abrir la sucesión intestada y declarar como únicos y universales herederos del causante a los señores Francisco, Roberto Luis y Manuel, todos de apellidos Capella Casellas. No tiene razón. Veamos.

De los documentos que obran en el expediente se desprende que la petición no cumple con el supuesto básico de la expedición de una declaratoria de herederos, a saber: que el señor Francisco Capella Acevedo haya muerto sin haber otorgado testamento, o de haberlo hecho, este haya sido declarado nulo o ineficaz.

Por el contrario, de la certificación expedida por el Registro de Poderes y Testamentos podemos concluir que el causante otorgó una escritura de testamento abierto que no se ha podido localizar. Bajo ningún supuesto jurídico razonable, de esta situación no se puede concluir que el testamento en controversia sea nulo o ineficaz.

Así pues, no erró el TPI al desestimar la petición en cuestión. Ello responde a que de los

---

[12] *Vélez v. Franqui*, 82 DPR 762, 776 (1961). (Énfasis suplido).

documentos que acompañan la solicitud no se desprende claramente el derecho que solicita, *supra*.

Ahora bien, ante los límites de este procedimiento *ex parte*, ¿qué puede hacer el peticionario para enfrentar este dilema jurídico?

A nuestro entender, puede iniciar un trámite judicial de Sentencia Declaratoria bajo la Regla 59 de Procedimiento Civil,[13] en el que luego de observar las garantías del debido proceso de ley de cualquier tercero con mejor derecho, se declare nulo o ineficaz el testamento otorgado por el causante.

Con la sentencia firme que establece lo anterior, puede entonces el peticionario solicitar la expedición de una declaratoria de herederos conforme a los Arts. 552 y 553 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, *supra*.

**-IV-**

Por los fundamentos previamente expuestos, se expide el auto de *certiorari* y se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] 32 LPRA Ap. V, R. 59.